

**14 7004**

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA 2014 DEC -4 P 9:22

JASON PIASECKI,

    Petitioner,

v.

COURT OF COMMON PLEAS, BUCKS COUNTY, PA,
District Attorney of Bucks County, and
the Attorney General of Pennsylvania,
    Respondents.

TO THE CLERK: <u>Please note that petitioner is represented by counsel.</u> Although not prepared on Form AO241 or Form PAE-AO241, this petition complies with Fed.R.Gov. §2254 Proc. 2(d), because it "substantially follow[s]" the standard form.

**<u>PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY</u>**

**1. Name and location of court which entered the judgment of conviction under attack.** Court of Common Pleas, Bucks County, Case No. CP-09-CR-5364-2009

**2. Date of judgment of conviction.** Verdicts returned, 1/14/2010; Sentence imposed, 4/26/2010.

**3. Length of Sentence.** Probation, 3 years. Defendant-petitioner remains "in custody" under this judgment of conviction by virtue of SORNA registration requirements, imposed at sentencing as a result of the conviction, which restrict his physical liberty in numerous ways.

**4-5. Nature of offense involved (all counts)** Possession of child pornography ("sexual abuse of children"), 18 Pa.C.S. § 6312(d)(1) (F2) (15 counts), on or about April 1, 2009. (Petitioner was acquitted by demurrer on 15 counts of "dissemination" of child pornography, <u>id.</u>(c)(1).)

**6(a). What was your plea? (Check one)**
    <u>Not Guilty</u>

 **(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:** D/N/A

 **(c) Kind of trial.** <u>judge only</u> (Hon. Rea B. Boylan, J.)

**7. Did you testify at the trial?** No.

**8. Did you appeal from the judgment of conviction?** Yes

9. **If you did appeal, answer the following:**

   **(a) Name of court:** Superior Court of Pennsylvania.

   **(b-c) Result:** Affirmed, No. 1397 EDA 2010

   **(d-e) Date of result:** July 25, 2011. 32 A.3d 280 (not precedential), <u>all. app. denied</u>, 614 Pa. 711, 38 A.3d 824 (Jan. 6, 2012) (No. 608 MAL 2011).

   **(f) Grounds raised:**

   1. Failure of trial court to suppress statement as involuntary and a result of custodial interrogation.

   2. Due process violation in mishandling computer evidence, resulting in alteration and destruction of favorable information.

   3. Insufficiency of evidence to prove element of knowing and intentional possession of contraband items.

   **(g) Did you seek further review?** Yes, see above for Pa. S.Ct. citations and docket number. Allowance of appeal was denied on January 6, 2012. No petition for certiorari was filed in the Supreme Court of the United States.

10. **Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or other motions concerning this judgment in any state court?** Yes.

11. **If your answer to 10 was "yes," specify:**

    **(a)(1-2) Name of court.** Court of Common Pleas, Bucks County; same docket

    **(3-4) Nature of proceeding.** PCRA petition, filed 12/19/2012; supplemented 3/28/13

    **(5) Grounds raised.**

    Ineffective assistance of trial counsel in:

    (a) Failing to object to admission of the defendant's incriminating statements under the corpus delicti rule;

    (b) Failing to move to suppress evidence derived from illegal wiretapping, including software that functions as a "pen register," a "telecommunication identification interception device" and a "trap and trace device" (perpetrated by means of EP2P and Netstat software intruding into the defendant's personal computer from outside his home).

    **(6) Did you receive an evidentiary hearing on your petition?** Yes. Two-day evidentiary hearing before Judge Boylan, 4/4/13 and 4/16/13.

    **(7-8) Result.** Denied by order filed 4/23/13.

**(b-c) As to any second petition, application or motion give the same information:** None.

**(d) Did you appeal, to the highest state court having jurisdiction the result of action taken on any petition?** Yes. Appeal dismissed based on loss of PCRA jurisdiction (expiration of probation), Feb. 21, 2014 (No. 1482 EDA 2013), noted at 97 A.2d 810, all. app. denied, Aug. 19, 2014 (No. 178 MAL 2014), noted at 97 A.2d 744.

**12. State concisely every ground on which you claim that you are being held unlawfully.**

   **A. Ground one:** Admission at trial of incriminating statements in violation of Fourteenth Amendment due process.

   **Supporting FACTS:** Petitioner is 33 years old, but suffers from mental disabilities which include autism (Aspergers Syndrome), low IQ of 74 (reading and arithmetic at the level of a normal 7-9 year old), and depression. Police entered the house where petitioner lived with his parents (as well as his mentally limited girlfriend and their 8-year-old son) by means of a "knock and talk" entry. Police questioned him without an effective waiver of Miranda rights, although a reasonable person in his circumstances would not have felt free to leave, and the statements he made were then used against him at trial. Under the circumstances, his statements were also involuntary. The trial court denied a pretrial motion to suppress, and the Superior Court affirmed, although that decision rests upon an unreasonable application of established Supreme Court law.

   **B. Ground two:** The evidence at trial was insufficient to establish the mens rea elements of the offense of conviction, in violation of Fourteenth Amendment due process.

   **Supporting FACTS:** The uncontradicted evidence necessarily gives rise at least to a reasonable doubt whether petitioner, given his mental limitations and disabilities, knowingly and intentionally possessed the contraband images for which he was convicted. The trial court denied petitioner's motion at trial for a judgment of acquittal, and the Superior Court affirmed, although that decision rests upon an unreasonable application of established Supreme Court law.

   **C. Ground three:** Denial of motion to dismiss based on reckless destruction of potentially favorable information, due to failure to preserve electronic evidence in its original form, in violation of Fourteenth Amendment due process.

   **Supporting FACTS:** Entering petitioner's home to execute a search warrant, officers unplugged the computer and router while they were running. By this and other actions they knowingly destroyed evidence pertinent to show that petitioner did not intentionally possess the contraband images for which he was

convicted. The trial court denied a pretrial motion to dismiss on this basis, and the Superior Court affirmed, although that decision rests upon an unreasonable application of established Supreme Court precedent.

**D. Ground four:** Trial counsel rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments, in two respects: failure to assert the "corpus delicti" rule against admission of petitioner's "confession" at trial, and failure to seek suppression of the computer evidence based on violation of the state and federal wiretapping, pen register, "telecommunication identification interception device," and "trap and trace device" statutes.

**Supporting FACTS:** (a) Police intruded into the petitioner's personal computer from outside his home by means of EP2P and Netstat software. This intrusion implicated the protections that all persons enjoy under Title III and subsequent statutory provisions, state and federal. Yet counsel did not file a motion to dismiss the fruits of these computer searches, which yielded evidence essential to petitioner's conviction. (b) At trial, counsel failed to invoke Pennsylvania's "corpus delicti" rule, under which a person's inculpatory statements are not admissible to prove that a crime was committed -- that must be shown by independent evidence -- but only to show, thereafter, that it was the defendant who was the perpetrator of the crime. Here, the independent evidence showed the presence of contraband images on the family computer but could not establish that these were possessed knowingly or intentionally, nor that it was petitioner who possessed them, without the benefit of his statements. Counsel was therefore ineffective in failing to invoke the corpus delicti rule at trial. The state courts did not address this issue, in reliance on the PCRA provision divesting those courts of jurisdiction to act once probation expires. That rule, which is contrary to the rule applicable in federal habeas corpus, does not constitute an independent and adequate state ground of decision, leaving this Court free under AEDPA to apply *de novo* review.

13. **Full exhaustion of above-stated issues.** Yes.

14. **Prior Federal Filings.** None.

15. **Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?**
    No, none.

16.  **Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:**

    **(a-e) From arrest through direct appeal:**
        Douglas C. Maloney, Esq.
        Begley, Carlin & Mandio, LLP
        680 Middletown Blvd.
        Langhorne, PA  19047

    **(f-g) On post-conviction and PCRA appeal:**
        Richard R. Fink, Esq.
        174 Middletown Blvd., Suite C300
        Langhorne, PA  19047

17.  **Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?**  Yes.

    (a)  **If so, give the name and location of court which imposed sentence to be served in the future.**  Court of Common Pleas, Bucks County.

    (b)  **Give date and length of the above sentence:**  Disorderly conduct and trespassing (No. CP-09-CR-7794-2013), plea and sentence Feb. 6, 2014 (Waite, J.); Probation, one year.

    (c)  **Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?**  No.

18.  **Timeliness.**  This petition is timely filed within one year after petitioner's conviction became final, not including time during which a properly filed petition for state post-conviction relief was pending.

WHEREFORE, petitioner prays that the Court grant him all the relief to which he may be entitled in this proceeding, including an absolute writ discharging him from all custody in light of the insufficiency of the evidence, or at least a writ of habeas corpus conditioned on a new trial.

                                            Respectfully submitted,

Dated:  December 4, 2014

                                      By:  PETER GOLDBERGER
                                            PA Atty. No. 22364
                                      50 Rittenhouse Place
                                      Ardmore, PA  19003-2276
                                        (610) 649-8200
                                      peter.goldberger@verizon.net
                                      <u>Attorney for Petitioner</u>

I declare under penalty of perjury, pursuant to 28 U.S.C. §§ 1746 and 2242, as well as Fed.R.Gov. §2254 Proc. 2(c)(5), that the foregoing is true and correct, to the best of my knowledge and belief.  I am authorized to provide this verification in my capacity as petitioner's counsel.
Executed on December 4, 2014.

_____
PETER GOLDBERGER
<u>Counsel for Petitioner</u>