IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JASON PIASECKI,          :     CASE NO. 14-CV-7004
          PETITIONER     :
                       :
   v.          :
                       :
COURT OF COMMON PLEAS OF     :
  BUCKS COUNTY, ET AL.,     :     (CIVIL ACTION)
          RESPONDENTS     :

### SUPPLEMENT TO ANSWER IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF LAW IN SUPPORT THEREOF PURSUANT TO U.S.C.S. SECTION 2254, RULE 5

# VOLUME I

KAREN A. DIAZ
DEPUTY DISTRICT ATTORNEY

STEPHEN B. HARRIS
CHIEF OF APPEALS

DAVID W. HECKLER
DISTRICT ATTORNEY

DISTRICT ATTORNEY'S OFFICE
BUCKS COUNTY JUSTICE CENTER – 2nd FLOOR
100 N. MAIN STREET
DOYLESTOWN, PA18901
#(215) 348-6344

## TABLE OF CONTENTS[1]

**EXHIBIT A:**

  AOPC Web Docketing Statement
  Commonwealth v. Jason Piasecki, No. CP-09-CR-0005364-2009

**EXHIBIT B:**

  PA Super Court Web Docket, Direct Appeal, No. 1397 EDA 2010

**EXHIBIT C:**

  Opinion, Trial Court, 11/29/10

**EXHIBIT D:**

  Brief for Appellant, Direct Appeal, No. 1397 EDA 2010 (Without Attachments)

**EXHIBIT E:**

  Memorandum Opinion, PA Superior Court, No. 1397 EDA 2010, 7/25/11

**EXHIBIT F:**

  Petition for Allowance of Appeal, Direct Appeal, No. 608 MAL 2011

**EXHIBIT G:**

  PA Super Court Web Docket, PCRA Appeal, No. 1482 EDA 2013

**EXHIBIT H:**

  Opinion, PCRA Court, 7/1/13

**EXHIBIT I:**

  Brief for Appellant, PCRA Appeal, No. 1482 EDA 2013 (Without Attachments)

---

[1] Pursuant to this Honorable Court's Order of February 6, 2015, the Bucks County Clerk of Courts was directed to forward to this Honorable Court the contents of the Bucks County Clerk of Courts file on Bucks Co. Case No. CP-09-CR-0005364-2009. The AOPC Web Docketing Statement reflects that the Clerk of Courts file contains the relevant notes of testimony, as well as the Court Opinions of the PCRA court and the Pennsylvania Superior Court. Therefore, this Supplement contains those appellate documents that Respondent believes are relevant but are not contained within in the Bucks County Clerk of Courts file.

**EXHIBIT J:**

<u>Memorandum Opinion</u>, PA Superior Court, No. 1482 EDA 2013, 7/25/11

**EXHIBIT K:**

<u>Petition for Allowance of Appeal</u>, PCRA Appeal, No. 178 MAL 2014

# EXHIBIT A

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason Piasecki

Page 1 of 23

## CASE INFORMATION

Cross Court Docket Nos:  1397 EDA 2010, 608 MAL 2011, 178 MAL 2014, 1482 EDA 2013

| | |
|---|---|
| Judge Assigned: | Date Filed: 08/17/2009    Initiation Date: 07/27/2009 |
| OTN: L 500196-4              LOTN: L 500196-4 | Originating Docket No: MJ-07207-CR-0000174-2009 |
| Initial Issuing Authority: Donald Nasshorn | Final Issuing Authority: Donald Nasshorn |
| Arresting Agency: Upper Makefield Police Dept | Arresting Officer: Haines, Patricia M. |
| Complaint/Incident #: | |
| Case Local Number Type(s) | Case Local Number(s) |

## RELATED CASES

| Related Docket No | Related Case Caption | Related Court | Association Reason |
|---|---|---|---|
| **Related** | | | |
| 1482 EDA 2013 | | Appellate | Superior Court Appeal |
| 1397 EDA 2010 | | Appellate | appeal to Superior Court |
| 608 MAL 2011 | | Appellate | appeal to Supreme Court |

## STATUS INFORMATION

| Case Status: | Closed | | | Arrest Date: | 07/27/2009 |
|---|---|---|---|---|---|

| Status Date | Processing Status |
|---|---|
| 10/03/2014 | Appeal Decided |
| 05/22/2013 | Awaiting Appellate Court Decision |
| 01/31/2012 | Appeal Decided |
| 05/21/2010 | Awaiting Appellate Court Decision |
| 04/26/2010 | Sentenced/Penalty Imposed |
| 02/24/2010 | Awaiting Sentencing |
| 02/24/2010 | Awaiting PSI |
| 01/14/2010 | Awaiting Sentencing |
| 10/07/2009 | Awaiting Trial |
| 08/19/2009 | Awaiting Pre-Trial Conference |
| 08/18/2009 | Awaiting Trial |
| 08/17/2009 | Awaiting Formal Arraignment |
| 08/17/2009 | Awaiting Filing of Information |

Complaint Date:    07/27/2009

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason  Piasecki

Page 2 of 23

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 09/11/2009 | 12:00 pm | 1st Floor, District Attorney's Booth | | Scheduled |
| Trial | 10/19/2009 | 9:00 am | 1st Floor, District Attorney's Booth | | Continued |
| Trial | 11/16/2009 | 9:00 am | 1st Floor, District Attorney's Booth | | Continued |
| Trial | 12/02/2009 | 9:00 am | 1st Floor, District Attorney's Booth | | Continued |
| Trial | 01/08/2010 | 9:00 am | 1st Floor, District Attorney's Booth | | Moved |
| Trial | 01/11/2010 | 9:00 am | 1st Floor, District Attorney's Booth | | Scheduled |
| Sentencing | 04/26/2010 | 9:30 am | Courtroom #1 | Judge Rea B. Boylan | Scheduled |
| Probation/Parole Violation Hearings | 11/22/2010 | 9:00 am | Courtroom #3 | Judge Wallace H. Bateman Jr. | Cancelled |
| Miscellaneous Criminal Hearings | 04/04/2012 | 9:30 am | Courtroom #2 | Judge Rea B. Boylan | Scheduled |
| Miscellaneous Criminal Hearings | 04/02/2013 | 11:00 am | Courtroom #2 | Judge Rea B. Boylan | Moved |
| Miscellaneous Criminal Hearings | 04/04/2013 | 11:00 am | Courtroom #2 | Judge Rea B. Boylan | Scheduled |
| Miscellaneous Criminal Hearings | 04/16/2013 | 11:30 am | Courtroom #2 | Judge Rea B. Boylan | Scheduled |

## CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 09/03/2010 | County Jail | Bucks County Prison | | Yes |

## DEFENDANT INFORMATION

| Date Of Birth: | 07/17/1977 | City/State/Zip: Washington Crossing, PA  18977 |
|---|---|---|

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Probation Officer | Lange, Kelly A. |
| Defendant | Piasecki, Jason |

CPCMS 9082

Printed: 03/08/2015

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET

**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**



Commonwealth of Pennsylvania

v.

Jason Piasecki

Page 3 of 23

## BAIL INFORMATION

**Piasecki, Jason**

**Nebbia Status: None**

| Bail Action | Date | Bail Type | Percentage | Amount | | |
|---|---|---|---|---|---|---|
| | | | | | Bail Posting Status | Posting Date |
| Set | 07/27/2009 | Unsecured | | $200,000.00 | | |
| Change Non-Monetary Conditions | 09/18/2009 | Unsecured | | $200,000.00 | | |
| Change Non-Monetary Conditions | 01/14/2010 | Unsecured | | $200,000.00 | | |
| | | | | | Posted | 07/27/2009 |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | F3 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 2 | 2 | F2 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 3 | 3 | F2 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 4 | 4 | F2 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 5 | 5 | F2 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 6 | 6 | F2 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 7 | 7 | F2 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 8 | 8 | F2 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 9 | 9 | F2 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 10 | 10 | F2 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 11 | 11 | F2 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 12 | 12 | F2 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 13 | 13 | F2 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 14 | 14 | F2 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 15 | 15 | F2 | 18 § 6312 §§C1 | Dissem Photo/Film Of Child Sex Acts | 04/01/2009 | L 500196-4 |
| 16 | 16 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |
| 17 | 17 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |
| 18 | 18 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |
| 19 | 19 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |
| 20 | 20 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |
| 21 | 21 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason  Piasecki

Page 4 of 23

### CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 22 | 22 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |
| 23 | 23 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |
| 24 | 24 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |
| 25 | 25 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |
| 26 | 26 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |
| 27 | 27 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |
| 28 | 28 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |
| 29 | 29 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |
| 30 | 30 | F2 | 18 § 6312 §§D1 | Sexual Abuse of Children - Possession Of Child Pornography | 04/01/2009 | L 500196-4 |

### DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |

**Lower Court Proceeding (generic)**

| Lower Court Disposition | 08/13/2009 | Not Final | |
|---|---|---|---|
| 1 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F3 | 18 § 6312 §§ C1 |
| 2 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F2 | 18 § 6312 §§ C1 |
| 3 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F2 | 18 § 6312 §§ C1 |
| 4 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F2 | 18 § 6312 §§ C1 |
| 5 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F2 | 18 § 6312 §§ C1 |
| 6 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F2 | 18 § 6312 §§ C1 |
| 7 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F2 | 18 § 6312 §§ C1 |
| 8 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F2 | 18 § 6312 §§ C1 |
| 9 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F2 | 18 § 6312 §§ C1 |
| 10 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F2 | 18 § 6312 §§ C1 |
| 11 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F2 | 18 § 6312 §§ C1 |
| 12 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F2 | 18 § 6312 §§ C1 |

Printed:  03/08/2015

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason Piasecki

Page 5 of 23

### DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |
| 13 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F2 | 18 § 6312 §§ C1 |
| 14 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F2 | 18 § 6312 §§ C1 |
| 15 / Dissem Photo/Film Of Child Sex Acts | Held for Court (Lower Court) | F2 | 18 § 6312 §§ C1 |
| 16 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |
| 17 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |
| 18 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |
| 19 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |
| 20 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |
| 21 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |
| 22 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |
| 23 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |
| 24 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |
| 25 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |
| 26 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |
| 27 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |
| 28 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |
| 29 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |
| 30 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court (Lower Court) | F2 | 18 § 6312 §§ D1 |

**Proceed to Court (Arraignment Waived)**

| Information Filed | 09/08/2009 | Not Final | |
|---|---|---|---|
| 1 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F3 | 18 § 6312 §§ C1 |
| 2 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F2 | 18 § 6312 §§ C1 |

CPCMS 9082                                                                                     Printed: 03/08/2015

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason  Piasecki

Page 6 of 23

## DISPOSITION SENTENCING/PENALTIES

| Disposition | | | |
|---|---|---|---|
| Case Event | Disposition Date | Final Disposition | |
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |
| 3 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F2 | 18 § 6312 §§ C1 |
| 4 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F2 | 18 § 6312 §§ C1 |
| 5 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F2 | 18 § 6312 §§ C1 |
| 6 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F2 | 18 § 6312 §§ C1 |
| 7 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F2 | 18 § 6312 §§ C1 |
| 8 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F2 | 18 § 6312 §§ C1 |
| 9 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F2 | 18 § 6312 §§ C1 |
| 10 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F2 | 18 § 6312 §§ C1 |
| 11 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F2 | 18 § 6312 §§ C1 |
| 12 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F2 | 18 § 6312 §§ C1 |
| 13 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F2 | 18 § 6312 §§ C1 |
| 14 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F2 | 18 § 6312 §§ C1 |
| 15 / Dissem Photo/Film Of Child Sex Acts | Held for Court | F2 | 18 § 6312 §§ C1 |
| 16 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |
| 17 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |
| 18 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |
| 19 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |
| 20 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |
| 21 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |
| 22 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |
| 23 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |
| 24 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |
| 25 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |
| 26 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |

CPCMS 9082

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason Piasecki

Page 7 of 23

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
| --- | --- | --- | --- |
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |
| 27 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |
| 28 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |
| 29 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |
| 30 / Sexual Abuse of Children - Possession Of Child Pornography | Held for Court | F2 | 18 § 6312 §§ D1 |

**Guilty**

| Trial | 01/14/2010 | Final Disposition | |
| --- | --- | --- | --- |
| 1 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F3 | 18 § 6312 §§ C1 |
| Boylan, Rea B. | 04/26/2010 | | |
| 2 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F2 | 18 § 6312 §§ C1 |
| Boylan, Rea B. | 04/26/2010 | | |
| 3 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F2 | 18 § 6312 §§ C1 |
| Boylan, Rea B. | 04/26/2010 | | |
| 4 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F2 | 18 § 6312 §§ C1 |
| Boylan, Rea B. | 04/26/2010 | | |
| 5 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F2 | 18 § 6312 §§ C1 |
| Boylan, Rea B. | 04/26/2010 | | |
| 6 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F2 | 18 § 6312 §§ C1 |
| Boylan, Rea B. | 04/26/2010 | | |
| 7 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F2 | 18 § 6312 §§ C1 |
| Boylan, Rea B. | 04/26/2010 | | |
| 8 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F2 | 18 § 6312 §§ C1 |
| Boylan, Rea B. | 04/26/2010 | | |
| 9 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F2 | 18 § 6312 §§ C1 |
| Boylan, Rea B. | 04/26/2010 | | |
| 10 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F2 | 18 § 6312 §§ C1 |
| Boylan, Rea B. | 04/26/2010 | | |
| 11 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F2 | 18 § 6312 §§ C1 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

|  |  |
|---|---|
| Commonwealth of Pennsylvania | Page 8 of 23 |
| v. | |
| Jason Piasecki | |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event Sequence/Description<br>Sentencing Judge<br>Sentence/Diversion Program Type<br>Sentence Conditions | Disposition Date<br>Offense Disposition<br>Sentence Date<br>Incarceration/Diversionary Period | Final Disposition<br>Grade   Section<br>Credit For Time Served<br>Start Date |
|---|---|---|
| Boylan, Rea B. | 04/26/2010 | |
| 12 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F2   18 § 6312 §§ C1 |
| Boylan, Rea B. | 04/26/2010 | |
| 13 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F2   18 § 6312 §§ C1 |
| Boylan, Rea B. | 04/26/2010 | |
| 14 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F2   18 § 6312 §§ C1 |
| Boylan, Rea B. | 04/26/2010 | |
| 15 / Dissem Photo/Film Of Child Sex Acts | Demurrer Sustained | F2   18 § 6312 §§ C1 |
| Boylan, Rea B. | 04/26/2010 | |
| 16 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2   18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | |
| Probation | Min of 36.00 Months<br>Max of 36.00 Months<br>Other | |
| Pay Costs | | |
| Defendant advised of Post-Sentence Rights | | |
| 17 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2   18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | |
| Probation | Min of 36.00 Months<br>Max of 36.00 Months<br>Other | |
| Pay Costs | | |
| Defendant advised of Post-Sentence Rights | | |
| 18 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2   18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | |
| Probation | Min of 36.00 Months<br>Max of 36.00 Months<br>Other | |
| Pay Costs | | |
| Defendant advised of Post-Sentence Rights | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason Piasecki

Page 9 of 23

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |

| | | | |
|---|---|---|---|
| 19 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2 | 18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | | |
| Probation | Min of 36.00 Months | | |
| | Max of 36.00 Months | | |
| | Other | | |
| Pay Costs | | | |
| Defendant advised of Post-Sentence Rights | | | |
| 20 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2 | 18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | | |
| Probation | Min of 36.00 Months | | |
| | Max of 36.00 Months | | |
| | Other | | |
| Pay Costs | | | |
| Defendant advised of Post-Sentence Rights | | | |
| 21 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2 | 18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | | |
| Probation | Min of 36.00 Months | | |
| | Max of 36.00 Months | | |
| | Other | | |
| Pay Costs | | | |
| Defendant advised of Post-Sentence Rights | | | |
| 22 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2 | 18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | | |
| Probation | Min of 36.00 Months | | |
| | Max of 36.00 Months | | |
| | Other | | |
| Pay Costs | | | |
| Defendant advised of Post-Sentence Rights | | | |
| 23 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2 | 18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason Piasecki

Page 10 of 23

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |
| Probation | Min of 36.00 Months | | |
| | Max of 36.00 Months | | |
| | Other | | |
| Pay Costs | | | |
| Defendant advised of Post-Sentence Rights | | | |
| 24 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2 | 18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | | |
| Probation | Min of 36.00 Months | | |
| | Max of 36.00 Months | | |
| | Other | | |
| Pay Costs | | | |
| Defendant advised of Post-Sentence Rights | | | |
| 25 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2 | 18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | | |
| Probation | Min of 36.00 Months | | |
| | Max of 36.00 Months | | |
| | Other | | |
| Pay Costs | | | |
| Defendant advised of Post-Sentence Rights | | | |
| 26 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2 | 18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | | |
| Probation | Min of 36.00 Months | | |
| | Max of 36.00 Months | | |
| | Other | | |
| Pay Costs | | | |
| Defendant advised of Post-Sentence Rights | | | |
| 27 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2 | 18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | | |
| Probation | Min of 36.00 Months | | |
| | Max of 36.00 Months | | |
| | Other | | |
| Pay Costs | | | |

Printed: 03/08/2015

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET

**Docket Number: CP-09-CR-0005364-2009**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason Piasecki

Page 11 of 23

### DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event Sequence/Description Sentencing Judge Sentence/Diversion Program Type Sentence Conditions Defendant advised of Post-Sentence Rights | Disposition Date Offense Disposition Sentence Date Incarceration/Diversionary Period | Final Disposition | |
|---|---|---|---|
| | | Grade | Section |
| | | Credit For Time Served | |
| | | Start Date | |
| 28 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2 | 18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | | |
| Probation | Min of 36.00 Months | | |
| | Max of 36.00 Months | | |
| | Other | | |
| Pay Costs | | | |
| Defendant advised of Post-Sentence Rights | | | |
| 29 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2 | 18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | | |
| Probation | Min of 36.00 Months | | |
| | Max of 36.00 Months | | |
| | Other | | |
| Pay Costs | | | |
| Defendant advised of Post-Sentence Rights | | | |
| 30 / Sexual Abuse of Children - Possession Of Child Pornography | Guilty | F2 | 18 § 6312 §§ D1 |
| Boylan, Rea B. | 04/26/2010 | | |
| Probation | Min of 36.00 Months | | |
| | Max of 36.00 Months | | |
| | Other | | |
| Pay Costs | | | |
| Defendant advised of Post-Sentence Rights | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Jason  Piasecki

Page 12 of 23

**LINKED SENTENCES:**

**Link 1**
CP-09-CR-0005364-2009 - Seq. No. 30 (18§ 6312 §§ D1) - Probation is Concurrent with
CP-09-CR-0005364-2009 - Seq. No. 29 (18§ 6312 §§ D1) - Probation

**Link 10**
CP-09-CR-0005364-2009 - Seq. No. 21 (18§ 6312 §§ D1) - Probation is Concurrent with
CP-09-CR-0005364-2009 - Seq. No. 20 (18§ 6312 §§ D1) - Probation

**Link 11**
CP-09-CR-0005364-2009 - Seq. No. 20 (18§ 6312 §§ D1) - Probation is Concurrent with
CP-09-CR-0005364-2009 - Seq. No. 19 (18§ 6312 §§ D1) - Probation

**Link 12**
CP-09-CR-0005364-2009 - Seq. No. 19 (18§ 6312 §§ D1) - Probation is Concurrent with
CP-09-CR-0005364-2009 - Seq. No. 18 (18§ 6312 §§ D1) - Probation

**Link 13**
CP-09-CR-0005364-2009 - Seq. No. 18 (18§ 6312 §§ D1) - Probation is Concurrent with
CP-09-CR-0005364-2009 - Seq. No. 17 (18§ 6312 §§ D1) - Probation

**Link 14**
CP-09-CR-0005364-2009 - Seq. No. 17 (18§ 6312 §§ D1) - Probation is Concurrent with
CP-09-CR-0005364-2009 - Seq. No. 16 (18§ 6312 §§ D1) - Probation

**Link 2**
CP-09-CR-0005364-2009 - Seq. No. 29 (18§ 6312 §§ D1) - Probation is Concurrent with
CP-09-CR-0005364-2009 - Seq. No. 28 (18§ 6312 §§ D1) - Probation

**Link 3**
CP-09-CR-0005364-2009 - Seq. No. 28 (18§ 6312 §§ D1) - Probation is Concurrent with
CP-09-CR-0005364-2009 - Seq. No. 27 (18§ 6312 §§ D1) - Probation

**Link 4**
CP-09-CR-0005364-2009 - Seq. No. 27 (18§ 6312 §§ D1) - Probation is Concurrent with
CP-09-CR-0005364-2009 - Seq. No. 26 (18§ 6312 §§ D1) - Probation

**Link 5**
CP-09-CR-0005364-2009 - Seq. No. 26 (18§ 6312 §§ D1) - Probation is Concurrent with
CP-09-CR-0005364-2009 - Seq. No. 25 (18§ 6312 §§ D1) - Probation

**Link 6**
CP-09-CR-0005364-2009 - Seq. No. 25 (18§ 6312 §§ D1) - Probation is Concurrent with
CP-09-CR-0005364-2009 - Seq. No. 24 (18§ 6312 §§ D1) - Probation

**Link 7**
CP-09-CR-0005364-2009 - Seq. No. 24 (18§ 6312 §§ D1) - Probation is Concurrent with
CP-09-CR-0005364-2009 - Seq. No. 23 (18§ 6312 §§ D1) - Probation

**Link 8**
CP-09-CR-0005364-2009 - Seq. No. 23 (18§ 6312 §§ D1) - Probation is Concurrent with
CP-09-CR-0005364-2009 - Seq. No. 22 (18§ 6312 §§ D1) - Probation

**Link 9**
CP-09-CR-0005364-2009 - Seq. No. 22 (18§ 6312 §§ D1) - Probation is Concurrent with
CP-09-CR-0005364-2009 - Seq. No. 21 (18§ 6312 §§ D1) - Probation

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason  Piasecki

Page 13 of 23

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| <u>Name:</u>    Jessica Leigh Arndt<br>            District Attorney | <u>Name:</u>    Richard R. Fink<br>            Private |
| <u>Supreme Court No:</u>    209226 | <u>Supreme Court No:</u>    016211 |
| <u>Phone Number(s):</u> | <u>Rep. Status:</u>    Active |
|     215-348-6344        (Phone) | <u>Phone Number(s):</u> |
| <u>Address:</u> |     215-741-1212        (Phone) |
|     55 E Court Street |     215-741-0123        (Fax) |
|     Doylestown, PA  18901 | <u>Address:</u> |
|  |     the Lofts AT Oxford Valley |
|  |     174 Middletown Blvd Ste 300 |
|  |     Langhorne, PA  19047-3201 |
|  | Representing: Piasecki, Jason |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 07/27/2009 |  | Piasecki, Jason |
| Bail Posted - Piasecki, Jason |  |  |  |
| 2 | 07/27/2009 |  | Nasshorn, Donald |
| Bail Set - Piasecki, Jason |  |  |  |
| 1 | 08/17/2009 |  | Court of Common Pleas - Bucks County |
| Original Papers Received from Lower Court |  |  |  |
| 1 | 08/19/2009 |  | Maloney, Douglas |
| Appearance and Waiver of Arraignment |  |  |  |
| 2 | 08/19/2009 |  | Maloney, Douglas |
| Request for Pre-Trial Discovery |  |  |  |
| 1 | 09/08/2009 |  | Commonwealth of Pennsylvania |
| Information Filed (Arraignment Waived) |  |  |  |
| 1 | 09/18/2009 |  | Maloney, Douglas |
| Motion for Modification of Bail |  |  |  |
|     Walked to courtroom by Douglas Maloney, Esq. |  |  |  |
| 2 | 09/18/2009 |  | Cepparulo, Albert J. |
| Order Granting Motion for Modification of Bail - Piasecki, Jason |  |  |  |

Printed: 03/08/2015

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Jason Piasecki

Page 14 of 23

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 09/24/2009 | | Bucks County District Attorney's Office |
| Request for Pre-Trial Discovery | | | |
| 2 | 09/24/2009 | | Bucks County District Attorney's Office |
| Discovery Filed | | | |
| 1 | 10/01/2009 | | Bucks County District Attorney's Office |
| Request for Pre-Trial Discovery | | | |
| 2 | 10/01/2009 | | Bucks County District Attorney's Office |
| Discovery Filed | | | |
| 1 | 11/02/2009 | | Maloney, Douglas |
| Motion to Suppress Evidence | | | |
| 1 | 11/09/2009 | | Bucks County District Attorney's Office |
| Case Correspondence | | | |
| DA to call expert witness | | | |
| 1 | 12/16/2009 | | Commonwealth of Pennsylvania |
| Request for Pre-Trial Discovery | | | |
| 2 | 12/16/2009 | | Commonwealth of Pennsylvania |
| Discovery Filed | | | |
| 1 | 01/04/2010 | | Arndt, Jessica Leigh |
| Request for Pre-Trial Discovery | | | |
| 2 | 01/06/2010 | | Maloney, Douglas |
| Motion to Dismiss Due to C/W Destruction of Exculpatory Evidence | | | |
| Fwd for consideration. | | | |
| 1 | 01/12/2010 | | Boylan, Rea B. |
| Pretrial Motions - All Motions Denied. | | | |
| 1 | 01/14/2010 | | Boylan, Rea B. |
| Order Granting Motion for Modification of Bail - Piasecki, Jason | | | |

Printed: 03/08/2015

CPCMS 9082

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET

**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason Piasecki

Page 15 of 23

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 01/14/2010 | | Boylan, Rea B. |
| Guilty | | | |
| 3 | 01/14/2010 | | Boylan, Rea B. |
| Disposition Filed | | | |
| 4 | 01/14/2010 | | Boylan, Rea B. |
| Sentence Deferred | | | |
| Sex offender assessment Ordered. | | | |
| Remain on Bail- Condition: Remain in Treatment | | | |
| 1 | 01/15/2010 | | Court of Common Pleas - Bucks County |
| Exhibits Filed | | | |
| 1 | 01/19/2010 | | Boylan, Rea B. |
| Order of SOAB Assessment | | | |
| Order dtd 1/14/10 directing SOAB perform an assessment of Deft | | | |
| 1 | 01/20/2010 | | Maloney, Douglas |
| Motion Returned to File as Moot | | | |
| Motion to Dismiss Due to Commonwealth's Destruction of Exculpatory Evidence Returned as Moot | | | |
| 1 | 04/26/2010 | | Boylan, Rea B. |
| Order - Sentence/Penalty Imposed | | | |
| 1 | 05/04/2010 | | Court of Common Pleas - Bucks County |
| Penalty Assessed | | | |
| 1 | 05/21/2010 | | Maloney, Douglas |
| Notice of Appeal to the Superior Court | | | |
| from the sentence on 4/26/10 | | | |
| Arndt, Jessica Leigh | | | |
| 05/21/2010 | | | |
| Boylan, Rea B. | | | |
| 05/21/2010 | | | |
| 2 | 05/21/2010 | | Maloney, Douglas |
| Request for Transcripts | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason Piasecki

Page 16 of 23

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| Arndt, Jessica Leigh | | | |
| 05/21/2010 | | | |
| Bucks County Court Reporter | | | |
| 05/21/2010 | | | |
| 1 | 05/26/2010 | | Boylan, Rea B. |
| Concise Statement Order | | | |
| Arndt, Jessica Leigh | | | |
| 05/26/2010 | | | |
| Maloney, Douglas | | | |
| 05/26/2010 | | | |
| 1 | 05/28/2010 | | Superior Court of Pennsylvania - Eastern District |
| Docketing Statement from Superior Court | | | |
| 1397 EDA 2010 | | | |
| 1 | 06/15/2010 | | Maloney, Douglas |
| Concise Statement of the Matters Complained on Appeal | | | |
| Arndt, Jessica Leigh | | | |
| 06/15/2010 | | | |
| Boylan, Rea B. | | | |
| 06/15/2010 | | | |
| 1 | 07/13/2010 | | Bucks County Court Reporter |
| Trans filed for April 26, 2010 by Robert W Harley original only (16 pages) mandamus signed 7/13/10. | | | |
| 1 | 09/14/2010 | | Bucks County Court Reporter |
| Trans filed for Jan 11,12,and 14th | | | |
| Pretrial motions trial day 1 and trial.   Originals only filed by Donna L Sauerwald (total 391 pages) Mandamus signed on 1/20/2011 | | | |
| 1 | 10/14/2010 | | Bateman, Wallace H. Jr. |
| Order Granting Motion for Hearing on Violation of Probation/Parole | | | |

CPCMS 9082

Printed: 03/08/2015

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason Piasecki

Page 17 of 23

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 11/10/2010 | | Court of Common Pleas - Bucks County |
| VOP Notice Returned As Undeliverable | | | |
| 1 | 11/29/2010 | | Boylan, Rea B. |
| Opinion | | | |
| Arndt, Jessica Leigh | | | |
| 11/29/2010 | | | |
| Maloney, Douglas | | | |
| 11/29/2010 | | | |
| 1 | 12/01/2010 | | Smithson, Mary K. |
| Complete Record Sent to Appellate Court | | | |
| 2 | 12/01/2010 | | Smithson, Mary K. |
| Service of the List of Record Documents Filed | | | |
| Arndt, Jessica Leigh | | | |
| 12/01/2010 | | | |
| Boylan, Rea B. | | | |
| 12/01/2010 | | | |
| Maloney, Douglas | | | |
| 12/01/2010 | | | |
| 1 | 12/20/2010 | | Piasecki, Jason |
| Penalty Satisfied | | | |
| 1 | 01/30/2012 | 01/06/2012 | Supreme Court of Pennsylvania - Middle District |
| Supreme Court Order | | | |
| Petition for Allowance of Appeal from the Order of the Superior Court is DENIED | | | |
| 1 | 01/31/2012 | 07/25/2011 | Superior Court of Pennsylvania - Eastern District |
| Superior Court Decision | | | |
| Judgment of sentence affirmed. | | | |
| 2 | 01/31/2012 | | Superior Court of Pennsylvania - Eastern District |
| Certificate of Remittal/Remand of Record | | | |

CPCMS 9082

Printed: 03/08/2015

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



Docket Number: CP-09-CR-0005364-2009

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania
v.
Jason Piasecki

Page 18 of 23

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 01/31/2012 | | Superior Court of Pennsylvania - Eastern District |

Complete Record Returned from Appellate Court

| 1 | 12/19/2012 | | Fink, Richard R. |
|---|---|---|---|

Post-Conviction Relief Act Petition Filed
   forwarded to Court
Bucks County District Attorney's Office
12/20/2012
Piasecki, Jason
12/20/2012

| 1 | 01/03/2013 | | Boylan, Rea B. |
|---|---|---|---|

Order Directing Answer Regarding Deft's PCRA Petition filed 12/19/12.
   Commonwealth to file an Answer, due 1/28/13.
Bucks County District Attorney's Office
01/07/2013
Fink, Richard R.
01/07/2013

| 1 | 01/28/2013 | 01/24/2013 | Boylan, Rea B. |
|---|---|---|---|

Order for Hearing
   Order dated 1/24/13, it is ordered that a hearing on the defendant's PCRA Petition is set for 4/4/13 at 11:00 in courtroom #1 of the Bucks County Courthouse.
Bucks County District Attorney's Office
01/29/2013
Fink, Richard R.
01/29/2013

| 2 | 01/28/2013 | | Bucks County District Attorney's Office |
|---|---|---|---|

Answer To Petition For Post Conviction Collateral Relief
   forward for consideration

| 1 | 03/28/2013 | | Fink, Richard R. |
|---|---|---|---|

Additional Material filed on PCRA Petition
   Supplement ot Paragraphs 11 and 13 of Petition for POst Conviction Collateral Relief.

   Forwarded to Court.

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason Piasecki

Page 19 of 23

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 04/10/2013 | | Boylan, Rea B. |

Hearing Held
   PCRA
   Hearing not finished; needs new date

| 2 | 04/11/2013 | | Boylan, Rea B. |

Order Granting Motion for Transcripts
   It is ordered and directed that Mary Saile transcribe the notes of testimony for PCRA hearing held on 4/4/13
Arndt, Jessica Leigh
04/11/2013
Bucks County Court Reporter
04/11/2013
Fink, Richard R.
04/11/2013

| 1 | 04/15/2013 | | Bucks County District Attorney's Office |

Memorandum RE: Petitioner's PCRA Claims
   forward to court

| 1 | 04/16/2013 | | Boylan, Rea B. |

Hearing held, PCRA continued from 4/4/13. Under advisement. Hearing completed.

| 2 | 04/16/2013 | | Bucks County Court Reporter |

Transcript Dated 4/4/13 Filed by Mary Saile (213 Pages) Original Only
   Mandamus signed on 5/23/2013

| 1 | 04/22/2013 | | Bucks County Court Reporter |

Transcript Dated 4/4/13 by May Saile (31 Pages) Original Only

| 1 | 04/24/2013 | | Boylan, Rea B. |

PCRA Order: Upon review of Defendant's Petition for Post Conviction Collateral Relief filed on
12/19/12, the Commonwealth's Answer filed on 1/28/13, any supplemental filings and memoranda, and after a
hearing on the matter, it is hereby ORDERED, ADJUDGED, and DECREED that the petition is DENIED. Deft may
appeal to the Superior Court of Pa. within 30 days from the date of entry of this Order. Pa.R.A.P. 903; but see 42
Pa.C.S. 95439a)(1)(i).
Bucks County District Attorney's Office
04/24/2013
Fink, Richard R.
04/24/2013

CPCMS 9082

Printed: 03/08/2015

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial
System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed
data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can
only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record
Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason Piasecki

Page 20 of 23

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

| 1 | 05/22/2013 | | Fink, Richard R. |
|---|---|---|---|

Notice of Appeal to the Superior Court
  From the Order entered 4/23/13

Superior Court of Pennsylvania -
Eastern District
05/22/2013

| 1 | 05/24/2013 | | Boylan, Rea B. |
|---|---|---|---|

Concise Statement Order
  Concise statement within 21 days of the date of this Order.

| 1 | 05/30/2013 | | Superior Court of Pennsylvania - Eastern District |
|---|---|---|---|

Docketing Statement from Superior Court
  1482 EDA 2013

| 1 | 06/11/2013 | | Fink, Richard R. |
|---|---|---|---|

Concise Statement of the Matters Complained on Appeal

| 1 | 07/02/2013 | | Boylan, Rea B. |
|---|---|---|---|

Memorandum Opinion

| 1 | 07/03/2013 | | Smithson, Mary K. |
|---|---|---|---|

Service of the List of Record Documents Filed
Boylan, Rea B.
07/03/2013
Bucks County District Attorney's Office
07/03/2013
Fink, Richard R.
07/03/2013
Superior Court of Pennsylvania -
Eastern District
07/03/2013

| 2 | 07/03/2013 | | Smithson, Mary K. |
|---|---|---|---|

Certificate and Transmittal of Record to Appellate Court

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason  Piasecki

Page 21 of 23

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 07/12/2013 | | Bucks County Court Reporter |
| | Trans filed for April 16, 2013 original only filed by Mary F Saile (71 pages) | | |
| 1 | 08/08/2013 | | Fink, Richard R. |
| | Case correspondence regarding Superior Court filing | | |
| | Copy of Motion for Extension to File Appellate Brief placed in file. | | |
| 1 | 08/09/2013 | | Smithson, Mary K. |
| | Certificate and Transmittal of Supplemental Record to Superior Court | | |
| | 1 Volume Notes of Testimony, April 16, 2013 | | |
| Boylan, Rea B. | | | |
| 08/09/2013 | | | |
| 1 | 09/15/2014 | 08/19/2014 | Supreme Court of Pennsylvania - Middle District |
| | Petition for Allowance of Appeal Denied - Supreme Court | | |
| | AND NOW, this 19th day of August, 2014, the Petition for Allowance of Appeal is DENIED. | | |
| 1 | 10/03/2014 | | Superior Court of Pennsylvania - Eastern District |
| | Certificate of Remittal/Remand of Record | | |
| 2 | 10/03/2014 | 02/21/2014 | Superior Court of Pennsylvania - Eastern District |
| | Superior Court Decision | | |
| | Judgment of Appeal is DISMISSED | | |
| 3 | 10/03/2014 | | Supreme Court of Pennsylvania - Middle District |
| | Petition for Allowance of Appeal Denied - Supreme Court | | |
| | AND NOW, this 19th day of August, 2014, the Petition for Allowance of Appeal is DENIED. | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

## COURT OF COMMON PLEAS OF BUCKS COUNTY

### DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Jason Piasecki

Page 22 of 23

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 02/11/2015 | | U.S. District Court, Eastern District of PA |

U.S. District Court Order

AND NOW, this 6th day of February, 2015, upon consideration of Relator's Petition for a Writ of Habeas Corpus, IT IS ORDERED that:

1. The District Attorney of Bucks County shall file a specific and detailed answer, with exhibits attached, within thirty (30) days from the date of this Order pursuant to Rule 5, 28 U.S.C. fol. 2254, specifically addressing 28 U.S.C. 2244(d), if applicable. As required by 18 U.S.C. 3771(b)(2), the Commonwealth is FURTHER ORDERED to ensure that in a federal habeas corpus proceeding arising out of a state conviction, any crime victims are afforded their rights under the Crimes Victims Act, as amended December 1, 2009.

2. The Prothonotary, Clerk of Court, or Office of Judicial Support of Bucks County shall file with the Clerk of Court copies of ALL RECORDS, INCLUDING transcripts of Notes of Testimony at Arraignment, Trial, Sentencing, Suppression Hearings, Post Conviction Hearings, Petitions, Pleadings, Opinions and Briefs of State Court proceedings in the matter of Commonwealth v. Jason Piasecki, CP-09-CR-5364-2009, Court of Common Pleas of Bucks County, Pennsylvania within sixty (60) days of the date of this order.

1 COPY OF FILE SENT

Bucks County District Attorney's Office
02/11/2015

| 1 | 02/12/2015 | | Court of Common Pleas - Bucks County |
|---|---|---|---|

Complete COPY of Record Sent to Appellate Court

CPCMS 9082

Printed: 03/08/2015

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0005364-2009**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jason  Piasecki

Page 23 of 23

## CASE FINANCIAL INFORMATION

Last Payment Date:   12/20/2010

Total of Last Payment:  -$1,055.00

| Piasecki, Jason<br>Defendant | Assessment | Payments | Adjustments | Non Monetary<br>Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Bucks Co. Witness Fee (Bucks) | $7.10 | -$7.10 | $0.00 | $0.00 | $0.00 |
| State Court Costs (Act 204 of 1976) | $12.30 | -$12.30 | $0.00 | $0.00 | $0.00 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $18.40 | -$18.40 | $0.00 | $0.00 | $0.00 |
| County Court Cost (Act 204 of 1976) | $26.80 | -$26.80 | $0.00 | $0.00 | $0.00 |
| Crime Victims Compensation (Act 96 of 1984) | $35.00 | -$35.00 | $0.00 | $0.00 | $0.00 |
| Domestic Violence Compensation (Act 44 of 1988) | $10.00 | -$10.00 | $0.00 | $0.00 | $0.00 |
| Victim Witness Service (Act 111 of 1998) | $25.00 | -$25.00 | $0.00 | $0.00 | $0.00 |
| Firearm Education and Training Fund | $5.00 | -$5.00 | $0.00 | $0.00 | $0.00 |
| Judicial Computer Project | $8.00 | -$8.00 | $0.00 | $0.00 | $0.00 |
| ATJ | $2.00 | -$2.00 | $0.00 | $0.00 | $0.00 |
| DNA Detection Fund (Act 185-2004) | $250.00 | -$250.00 | $0.00 | $0.00 | $0.00 |
| Misd. & Felony Before Trial (Bucks) | $193.00 | -$193.00 | $0.00 | $0.00 | $0.00 |
| Law Library (Bucks) | $10.00 | -$10.00 | $0.00 | $0.00 | $0.00 |
| Sheriff Fee (Bucks) | $5.00 | -$5.00 | $0.00 | $0.00 | $0.00 |
| Automation Fee (Bucks) | $5.00 | -$5.00 | $0.00 | $0.00 | $0.00 |
| Admin Fee (Bucks) | $27.00 | -$27.00 | $0.00 | $0.00 | $0.00 |
| Information Service Fee (Bucks) | $3.00 | -$3.00 | $0.00 | $0.00 | $0.00 |
| Costs of Prosecution - CJEA | $50.00 | -$50.00 | $0.00 | $0.00 | $0.00 |
| OSP (Bucks/State) (Act 35 of 1991) | $400.00 | -$400.00 | $0.00 | $0.00 | $0.00 |
| OSP (Bucks/State) (Act 35 of 1991) | $400.00 | -$400.00 | $0.00 | $0.00 | $0.00 |
| Superior Court Appeal (Bucks) | $50.50 | -$50.50 | $0.00 | $0.00 | $0.00 |
| Costs/Fees Totals: | $1,543.10 | -$1,543.10 | $0.00 | $0.00 | $0.00 |
| Grand Totals: | $1,543.10 | -$1,543.10 | $0.00 | $0.00 | $0.00 |

** - Indicates assessment is subrogated

CPCMS 9082

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# EXHIBIT B

11:41 A.M.

# Appeal Docket Sheet

**Superior Court of Pennsylvania**

## Docket Number:  1397 EDA 2010

### Page 1 of 4

### March 8, 2015

| CAPTION |
|---|

Commonwealth of Pennsylvania
     v.
Jason Piasecki
  Appellant

| CASE INFORMATION |
|---|

| | | |
|---|---|---|
| Initiating Document: | Notice of Appeal | |
| Case Status: | Closed | |
| Case Processing Status: | January 30, 2012 | Completed |
| Journal Number: | J-A13032-11 | |
| Case Category: | Criminal | Case Type(s): | Criminal |

| CONSOLIDATED CASES | RELATED CASES |
|---|---|

| SCHEDULED EVENT |
|---|

Next Event Type:                                                                 Next Event Due Date:

| COUNSEL INFORMATION |
|---|

**Appellant**  **Piasecki, Jason**
Pro Se:        No
IFP Status:    No
    Attorney:        Maloney, Douglas
    Law Firm:        Begley, Carlin & Mandio, L.L.P.
    Address:         680 Middletown Blvd
               P.O. Box 308
               Langhorne, PA 19047
    Phone No:        (215) 750-0110            Fax No: (215) 750-0954

**Appellee**  **Commonwealth of Pennsylvania**
Pro Se:        No
IFP Status:
    Attorney:        Heckler, David Ward
    Address:         Bucks County District Attorney's Office
               55 E. Court Street
               Doylestown, PA 18901
    Phone No:        (215) 348-6344            Fax No: (215) 348-6299

    Attorney:        Diaz, Karen Ann
    Address:         Bucks County District Attorney's Office
               55 E Court St
               Doylestown, PA 18901
    Phone No:        (215) 348-6331            Fax No: (215) 348-6299

11:41 A.M.

**Appeal Docket Sheet**

**Superior Court of Pennsylvania**

**Docket Number: 1397 EDA 2010**

**Page 2 of 4**

**March 8, 2015**



## FEE INFORMATION

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|--------|----------|---------|------------|------------|-------------|
| 05/21/2010 | Notice of Appeal | 73.50 | 05/27/2010 | 2010-SPR-E-000854 | 73.50 |

## AGENCY/TRIAL COURT INFORMATION

| | | | |
|---|---|---|---|
| Court Below: | Bucks County Court of Common Pleas | | |
| County: | Bucks | Division: | Bucks County Criminal Division |
| Order Appealed From: | April 26, 2010 | Judicial District: | 07 |
| Documents Received: | May 27, 2010 | Notice of Appeal Filed: | May 21, 2010 |
| Order Type: | Judgment of Sentence | | |
| OTN(s): | L5001964 | | |
| Lower Ct Docket No(s): | CP-09-CR-0005364-2009 | | |
| Lower Ct Judge(s): | Boylan, Rea Behney Judge | | |

## ORIGINAL RECORD CONTENT

| Original Record Item | Filed Date | Content Description |
|----------------------|------------|---------------------|
| Record | December 06, 2010 | 4 Vols of testimony |
| Exhibits | December 06, 2010 | 1 Env Filed |

**Date of Remand of Record:** January 30, 2012

## BRIEFING SCHEDULE

| **Appellant** | | **Appellee** | |
|---|---|---|---|
| **Piasecki, Jason** | | **Commonwealth of Pennsylvania** | |
| **Brief** | | **Brief** | |
| Due: January 18, 2011 | Filed: January 18, 2011 | Due: February 17, 2011 | Filed: February 17, 2011 |

## DOCKET ENTRY

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|------------|----------------------------|------------------|----------|
| **May 27, 2010** | Notice of Appeal Docketed | | |
| | | Appellant | Piasecki, Jason |
| **May 27, 2010** | Docketing Statement Exited (Criminal) | | |
| | | | Bramblett, Karen Reid |
| **June 3, 2010** | Docketing Statement Received (Criminal) | | |
| | | Appellant | Piasecki, Jason |
| **September 2, 2010** | Notice to Lower Court Regarding Delinquent Record | | |
| | | | O'Connor, Jr., Charles E. |
| **December 6, 2010** | Trial Court Record and Opinion Received | | |
| | | | Bucks County Court of Common Pleas |
| **January 18, 2011** | Appellant's Brief Filed | | |
| | | Appellant | Piasecki, Jason |
| **January 21, 2011** | Reply Letter(s) Printed | | |
| | | | Bramblett, Karen Reid |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

11:41 A.M.

**Appeal Docket Sheet**                                            **Superior Court of Pennsylvania**

**Docket Number:  1397 EDA 2010**

**Page 3 of 4**



**March 8, 2015**

| DOCKET ENTRY | | | |
|---|---|---|---|
| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
| **January 25, 2011** | Reply Received (Argument) Piasecki, Jason | Appellant | Maloney, Douglas |
| **February 17, 2011** | Entry of Appearance - District Attorney Commonwealth of Pennsylvania | Appellee | Diaz, Karen Ann |
| **February 17, 2011** | Appellee's Brief Filed | Appellee | Commonwealth of Pennsylvania |
| **March 31, 2011** | Acknowledgement of Argument Notice Commonwealth of Pennsylvania | Appellee | Diaz, Karen Ann |
| **April 26, 2011** | Acknowledgement of Argument Notice Piasecki, Jason | Appellant | Maloney, Douglas |
| **July 25, 2011** | Affirmed | | Colville, Robert E. |
| **August 22, 2011** | Petition for Permission to Appeal to PA Supreme Court Filed | Appellant | Piasecki, Jason |
| | Comment:  608 MAL 2011 | | |
| **August 22, 2011** | Petition for Permission to Appeal to PA Supreme Court Filed | Appellant | Piasecki, Jason |
| | Comment:  608 MAL 2011 | | |
| **January 6, 2012** | Order Denying Petition for Allowance of Appeal to PA Supreme Court | | Supreme Court of Pennsylvania |
| **January 30, 2012** | Remitted | | Bramblett, Karen Reid |

| SESSION INFORMATION | |
|---|---|
| Journal Number: | J-A13032-11 |
| Consideration Type: | Oral Argument -  Panel |
| Listed/Submitted Date: | April 27, 2011 |

Panel Composition:

| | |
|---|---|
| The Honorable Judith F. Olson | Judge |
| The Honorable Robert A. Freedberg | Judge |
| The Honorable Robert E. Colville | Judge |

| DISPOSITION INFORMATION | | | |
|---|---|---|---|
| Final Disposition: | Yes | | |
| Related Journal No: | J-A13032-11 | Judgment Date: | July 25, 2011 |
| Category: | Decided | Disposition Author: | Colville, Robert E. |
| Disposition: | Affirmed | Disposition Date: | July 25, 2011 |
| Dispositional Filing: | **Memorandum** | Filing Author: | |
| Filed Date: | 7/25/2011  12:00:00AM | | |

| REARGUMENT / RECONSIDERATION / REMITTAL | |
|---|---|

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

11:41 A.M.

**Appeal Docket Sheet**

**Docket Number:  1397 EDA 2010**

**Page 4 of 4**

**March 8, 2015**

Filed Date:
Disposition:
Disposition Date:

Record Remittal:          January 30, 2012

**Superior Court of Pennsylvania**

| CROSS COURT ACTIONS |
|---|

| | |
|---|---|
| Docket Number: | 608 MAL 2011 |
| Court Name: | Supreme |
| Short Caption: | Commonwealth v. Piasecki, J., Pet |
| Case Status: | Closed |
| Disposition: | Order Denying Petition for Allowance of Appeal |
| Disposition Date: | January 6, 2012 |
| Petition Reargument/Reconsideration Filed Date: | |
| Reargument Disposition: | |
| Reargument Disposition Date: | |
| Cross Court Action Type: | Filing of Decision or Opinion |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

# EXHIBIT C

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
### CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :   No. 5364/2009 NOV 30 A 11: 06

                         :   (1397 EDA 2010)

       v.                    :   BUCKS COUNTY

                         :   DISTRICT ATTORNEY'S

JASON PIASECKI            :   OFFICE

### O P I N I O N

Defendant, Jason Piasecki, appeals his conviction of Sexual Abuse of Children-Possession of Child Pornography[1] following a waiver trial. In this appeal, Defendant challenges the denial of his pretrial motions, the sufficiency of the evidence, and the weight of the evidence.

On November 9, 2009, Defendant filed a Motion to Suppress Evidence. On January 6, 2010, Defendant filed Motion to Dismiss Due to Commonwealth Destruction of Exculpatory Evidence. On January 12, 2010, after a hearing on the motions, this Court denied Defendant's pretrial motions.

On January 12, 2010, a waiver trial commenced. At the conclusion of the Commonwealth's case, this Court sustained a demurrer on fifteen counts of Sexual Abuse of Children- Dissemination of Photographs, Videotapes, Computer Depictions and Films.[2] N.T. 1/12/10, p. 86. On January 14, 2010, at the conclusion of the trial, Defendant was found guilty of fifteen counts of Sexual Abuse of Children- Possession of Child Pornography. N.T. 1/14/10, p. 83. Sentencing was deferred for a sexual offender assessment pursuant to 42 Pa.C.S. § 9795.4. The assessment determined that Defendant did not meet the criteria for a sexually violent predator. N.T. 4/26/10, p. 2. On April 26, 2010, Defendant received a sentence of three years probation. N.T. 4/26/10, p. 13.

---

[1] 18 Pa.C.S. § 6312(d)(1).

[2] 18 Pa.C.S. § 6312(c)(1).

On May 21, 2010, Defendant filed a timely Notice of Appeal to the Superior Court. On May 25, 2010, this Court issued an Order directing the defendant to file a Statement of Matters Complained of on Appeal. On June 15, 2010, Defendant filed a Statement.

Defendant's arguments on appeal are as follows: (1) the trial court erred in failing to grant Defendant's suppression motion; (2) the trial court erred in failing to dismiss the charges due to prosecutorial misconduct; (3) insufficient evidence existed to convict Defendant; and (4) the verdict was against the weight of the evidence.

The following is a summary of the facts this Court found during the pretrial suppression hearing and subsequent waiver trial.

The charges against Defendant arose from the discovery of child pornography on his home computer. Detective Jeff Cummins of the New Britain Township Police Department possesses ten and one half years of law enforcement experience, has training in computer analysis and the Gnutella Network,[3] and is a member of the Internet Crimes Against Children Network Task Force. N.T. 1/11/10, pp. 96-97. On March 12, 2009, Detective Cummins ascertained, through the Gnutella Network, that a computer with the IP address of 71.224.63.69 was in possession of child pornography. N.T. 1/11/10, p. 97. With his experience, Detective Cummins knew that thirty-nine videos possessed by this computer depicted known images and videos of child pornography. N.T. 1/11/10, pp. 15-17, 97.

Detective Cummins downloaded three complete files and one partial file to confirm that their contents included child pornography. N.T. 1/11/10, p. 97. The pornographic material obtained from the IP address of 71.224.63.69 could have only been downloaded by Detective

---

[3] "eP2P" which is also known as "enhanced peer-to-peer." N.T. 1/11/10, p. 23.

Cummins because the defendant agreed to share this information through the LimeWire program. N.T. 1/11/10, p. 98.

Detective Cummins ascertained the subscriber identification information for the IP address from Comcast Cable Communications. N.T. 1/11/10, pp. 19, 97. The subscriber was identified as "Marlene Piasecki, 110 Overlook Avenue, Washington Crossing, Pennsylvania." N.T. 1/11/10, p. 19. Detective Cummins contacted Detective Patricia Haines of the Upper Makefield Police Department, as this address was in her police jurisdiction. N.T. 1/11/10, p. 19. Thereafter, Detective Haines, who has a total of twenty-six years experience in law enforcement, became involved in this investigation. N.T. 1/12/10, pp. 19-20.

On April 1, 2009, Detective Cummins sought and obtained a warrant for the computer with the IP address of 71.224.63.69, Exhibit CS-1. N.T. 1/11/10, p. 97. That same day, at approximately 6:20 p.m., Detective Haines and Detective Cummins went to the defendant's residence at 110 Overlook Avenue, Washington Crossing, Bucks County, Pennsylvania. N.T. 1/12/10, pp. 19-20. Both detectives were in street clothes, had their weapons concealed under their jackets, and arrived in unmarked vehicles. N.T. 1/12/10, p. 20.

Two uniformed officers accompanied the detectives. N.T. 1/12/10, p. 20. Detective Cummins knocked on the door, located on the lower basement level of the residence. N.T. 1/12/10, p. 20. Defendant answered the door. N.T. 1/12/10, p. 20. Detective Cummins introduced himself to Defendant and asked Defendant if they could come in. N.T. 1/12/10, pp. 20-21. They also asked Defendant two to three times if it would be ok to speak with him about computer usage in the home. N.T. 1/12/10, pp. 20-21. Defendant agreed, motioned, and escorted the officers into his home, specifically to the second floor family room area. N.T. 1/12/10, p. 21. Defendant was told that he did not have to speak to the officers, nor did he have

to answer any questions. N.T. 1/11/10, p. 102. The defendant was not forcibly restrained, nor were restraints used; no coercive statements were made to the defendant. N.T. 1/12/10, p. 25.

Defendant said that his eight year old son was the only other person present in the home at that time. N.T. 1/12/10, p. 21. Both detectives sat down with Defendant on the sofa in an L-shaped seating arrangement located in the family room. N.T. 1/12/10, p. 21. Defendant was seated in between the two detectives. N.T. 1/12/10, p. 21. One officer stood in a nearby archway leading to the kitchen while the other uniformed officer offered to entertain the defendant's son and exited the room to play X-box with the son. N.T. 1/12/10, p. 22. During the course of the interview the defendant's son entered several times and spoke to the defendant. N.T. 1/11/10, p. 161.

The detectives and the defendant talked about computer usage. N.T. 1/12/10, p. 22. Defendant stated that he had installed Kazaa, FrostWire, and LimeWire file sharing networks on his computer to run searches and download music. N.T. 1/12/10, p. 22. Defendant explained that you use specific keyword searches to look for available music and video files to download. N.T. 1/11/10, p. 104. He said that you highlight the file you want to download and then the file sharing system downloads files into a shared folder. N.T. 1/12/10, p. 22. Defendant acknowledged that he knew how a shared folder works, saying that it made sense that that's how file sharing would work, and that other people could get files from him. N.T. 1/12/10, p. 22; N.T. 1/11/10, p. 107. Defendant admitted that he previewed files as they were downloading, because it took time to download files. N.T. 1/12/10, p. 23.

Defendant initially told the detectives that he never saw or searched for child pornography, stating that he "was not into" child pornography. N.T. 1/12/10, pp. 22-23; N.T. 1/11/10, p. 106. Soon thereafter, Defendant changed his story and said that he may have

accidentally downloaded child pornography on a prior occasion, but if he did, he would have deleted it immediately. N.T. 1/12/10, pp. 22-23; N.T. 1/11/10, p. 106. As the conversation progressed, Defendant admitted to seeing child pornography once or twice, but towards the end of the interview, Defendant stated that he had seen it between twenty and thirty times. N.T. 1/12/10, p. 23; N.T. 1/11/10, p. 106. Defendant also claimed that if he saw it, he would immediately click to the end of the file, and then delete the file as he was not interested in it. N.T. 1/11/10, p. 107.

Detective Cummins then showed Defendant a photo still of a clothed young girl from one of the child pornography videos he downloaded from Defendant's shared folder. N.T. 1/12/10, p. 23. Defendant admitted that he might have seen this before. N.T. 1/12/10, pp. 23-24. The photo still was from a one minute and thirty-nine second video in which a child disrobes and performs oral sex on a male subject. N.T. 1/11/10, p. 109. Defendant then asked the police, if he deleted any such files he had on his computer would they "make this go away?" N.T. 1/12/10, p. 24. Defendant asked police if he would be arrested because he did not want to lose his son, and they responded "no, not today." N.T. 1/12/10, p. 24.

During the interview, Defendant's cell phone rang; he answered it without asking permission, and spoke to his father. N.T. 1/12/10, p. 24. Police could hear Defendant's father directing him to stop talking to the police. N.T. 1/12/10, p. 24. After he ended the call, Defendant offered to show the police his computer. N.T. 1/12/10, p. 24. The detectives showed Defendant the search warrant and Detective Cummins then executed the warrant by unplugging the computer and the other equipment as he was trained to do to preserve evidence. N.T. 1/11/10, pp. 21-22, 24, 97-98; Exh. CS-1. In total twenty-four pieces of evidence were seized, including other computers in the home. Exh. C-1.

5

Thereafter, Agent Brian Coleman, an expert in computer forensics, an Encase Certified Examiner (EnCE), and a special agent with the Pennsylvania Office of the Attorney General's Computer Forensic Unit examined the computers related to this case. N.T. 1/11/10, pp. 47-48, 54. The computer in Defendant's room, IP address of 71.224.63.69, had two hard drives and the LimeWire program had been installed on it. N.T. 1/14/10, pp. 28-31; N.T. 1/11/10, pp. 54-55, 59-60.

Agent Coleman explained that the way the Gnutella Network works is similar to a library. N.T. 1/11/10, p. 49. You first must have a program, in this case, the LimeWire program, and then the network allows the computers to talk to each other and share files. N.T. 1/11/10, p. 49. In order to share files, the LimeWire program must be running, and you must designate which files you do not wish to share. N.T. 1/11/10, pp. 49-52. The default setting would share files throughout the network. N.T. 1/11/10, pp. 52-53. If you wish to search for a file, you enter search terms through the LimeWire program and a search is conducted throughout the shared Gnutella Network. N.T. 1/11/10, p. 50.

When a file is downloaded a creation date notes when the file is first introduced to that media. N.T. 1/12/10, p. 56. The creation dates for the known child pornography in this case were notable as they were not the same and varied by months, days, hours, and seconds. N.T. 1/12/10, p. 56. Agent Coleman also stated that an outside person accessing files on the LimeWire program would not be able to change the access date. N.T. 1/11/10, pp. 71-72.

Agent Coleman also explained that while a video file is downloading you can preview the file, and it will create a separate independent video of the portion that is downloaded to that point. N.T. 1/12/10, p. 54. Here there were eighteen preview files for child pornography, ten of which were then subsequently downloaded completely. N.T. 1/12/10, pp. 54-55. Because the

6

preview dates and times were not the same and varied by days, hours, and seconds, Agent

Coleman opined that this was not a mass download. N.T. 1/14/10, pp. 36-42. For example, on

December 26, 2008 at 5:25:35 p.m. Preview-T-93970105-Kids Teens Women (Porno-Lolitas-

Preteens-Reelkiddymove-R@Ygold-Hussyfans-Underage-Girls-Children-Pedofilia- was created.

N.T. 1/14/10, p. 37. The closest previews files in time to this were downloaded at December 26,

2008 at 12:25:55 p.m. and December 26, 2008 at 5:30:04 p.m. N.T. 1/14/10, p. 37.

 In total, Agent Coleman found ninety-three apparent child pornography videos on

Defendant's computer hard drive in designated LimeWire shared folders. N.T. 1/12/10, pp. 49-

50, 53-54; Exh. C-3. The videos depicted children being vaginally, anally, and orally penetrated-

ranging in age from month old babies to ten year old children. N.T. 1/12/10, p. 53; Exhs. C-3 &

C-4. The following is the list of the file names that Defendant downloaded or previewed on his

computer:

1. 2 14yo girls in woods (Mafiasex) (Hussyfan) (Pthc) (R@Ygold) (Babyshivid) (Lolitaguy) Naked Nymphets.mpg

2. Porn- (pthc) 9yo vicky stripping and sucking (kiddy pedo illegal underage preteen).mpg

3. pthc 16yo babysitter Edina fucks 3 underage teen boys 12.02.mpg

4. webcam 13yo, 13yo and 14yo girls showing there titts NEW 2008 (pthc, ptsc, hussyfan, R@ygold, liluplanet) hidden camera.avi

5. T-93970105-Kids Teens Women (Porno-Lolitas-Preteens-Reelkiddymov-R@Ygold-Hussyfans-Underage-Girls-Children-Pedofilia-Pthc-Ptsc-Xxx-Sexy).mpg

6. Preview-T-23519229-(Hussyfan) (pthc) (r@ygold) (babyshivid) Hana.mpg

7. Preview-T-93970105-Kids Teens Women (Porno-Lolitas-Preteens-Reelkiddymov-R@Ygold-Hussyfans-Underage-Girls-Children-Pedofilia-Pthc-Ptsc-Xxx-Sexy).mpg

8. T-23519229-(Hussyfan) (pthc) (r@ygold) (babyshivid) Hana.mpg

9. T-72816640-pthc-Valya-Piece 5 (Aka Irisa 8Yo) assfuck cut pantyhose.avi

93. Preview-T-10825380-Porn – (pthc) 9yo vicky stripping and sucking (kiddy pedo illegal underage preteen).mpg

Exh. D-4. We note that each file listed has a different creation date. Exh. D-4.[4]

The router in this case was not analyzed, and Agent Coleman testified that the only possible information stored on a router would be "log files," which is not relevant to any investigation or examination performed by his office. N.T. 1/11/10, pp. 55-56. According to Agent Coleman, if computers in the defendant's home shared files on the network there would be a footprint of the access, and no footprints were found in this case. N.T. 1/11/10, p. 58.

The defendant raises four issues on appeal. Each issue will be addressed separately.

First, Defendant argues that "this Court erred and abused its discretion in failing to dismiss the charges due to prosecutorial misconduct in destroying potentially exculpatory evidence by repeatedly accessing crucial files and thereby altering the access records of said files and erasing the search term history on the computer by unplugging the computer before copying or recording the said information."

After a pretrial hearing on the matter, this Court denied Defendant's motion to dismiss. This Court found that any potentially useful evidence which is now unavailable because of the way in which the computer was seized was not lost or destroyed because the detective or law enforcement was acting in bad faith.

In *Commonwealth v. Taylor*, 393 A.2d 929 (1978), our Superior Court held that the decision to grant a pretrial motion to dismiss a criminal case is vested in the sound discretion of

---

[4] Agent Coleman testified that he also found forty-nine "notable child pornography" files on the defendant's computer. N.T. 1/12/10, p. 48; Exh. D-4. However, Agent Coleman stated that "notable child pornography" is where the file depicts children under the age of eighteen, but consultation with a pediatrician would be necessary to determine whether the video actually depicts a minor. N.T. 1/12/10, p. 48.

the trial court and may be overturned only upon a showing of an abuse of discretion or error of

law. *Id.* at 932. *See also Commonwealth v. Moore*, 756 A.2d 64, 65 (Pa. Super. 2000).

The Supreme Court of Pennsylvania recently decided the case of *Commonwealth v.*

*Snyder*, 963 A.2d 396 (2009), holding that the constitutional guarantees recognized in

*Youngblood,* are found in the Due Process Clause of the Fourteenth Amendment which "requires

defendants be provided certain access to certain kinds of evidence prior to trial, so they may 'be

afforded a meaningful opportunity to present a complete defense.'" *Snyder, supra*, 963 A.2d at

401 *citing Arizona v. Youngblood*, 488 U.S. 51 (1988) & *California v. Trombetta*, 467 U.S. 479

(1984).

In *Snyder*, our Supreme Court held that Pennsylvania and federal protections in this area

of the law are identical.  In *Illinois v. Fisher,* 540 U.S. 544 (2004), the U.S. Supreme Court

distinguished between "potentially useful evidence," which could have been subjected to tests,

which might have exonerated Defendant, and "materially exculpatory evidence."  If only

"potentially useful evidence" is destroyed, the defendant must show bad faith on the part of the

Commonwealth to justify suppression.  *Id.*

The Supreme Court noted that allegations that destroyed or lost evidence was exculpatory

cannot be based on a "mere assertion" or "based purely on speculation and conjecture." *Id.* at

405-06.  "Potentially useful evidence" is defined as "evidence of which no more can be said than

that it could have been subjected to tests, the results of which might have exonerated the

defendant." *Id.* at 403.

In *Snyder*, the Court was asked to determine the admissibility of analysis results of soil

samples that had been collected pursuant to a search warrant and that had been destroyed after

they were analyzed.  The Court concluded that suppression was not warranted, because the

14

destroyed evidence was merely potentially useful and the evidence was not destroyed in bad faith. *Snyder*, 963 A.2d at 406. In reaching this decision, the Court undertook a due process analysis of federal and state cases. From its analysis, the Court concluded that due process does not require the suppression of the results of tests conducted on "potentially useful" samples that were destroyed before the defense had an opportunity to examine and analyze them, unless the Commonwealth acted in bad faith in destroying the samples. *Id.* at 405-06.

Additionally, in a similar case, *Commonwealth v. Lamana*, the Berks County Court of Common Pleas held "to justify corrective sanctions sought by the defendant here, the defendant must demonstrate that the police acted in bad faith in losing or destroying the evidence. *Commonwealth v. Small*, 741 A.2d 666, 676 (Pa. 1999) *citing Arizona v. Youngblood*, 488 U.S. 51 (1988)." *Lamana*, 7 Pa. D. & C. 5th 225, 228-29 (Berks County. 2009), *affirmed* 988 A.2d 723 (Pa. Super. 2009), *appeal denied* 996 A.2d 491 (Pa. 2010).

In the present case, the evidence does not support the Defendant's claim that the Commonwealth acted in bad faith by unplugging the computer. Thus, some evidence that may have been compromised through no fault or knowledge of the Commonwealth was irrelevant to the defendant's conviction. Detective Cummins, a member of the Internet Crimes Against Children Network Task Force, testified that he was trained to unplug computers to preserve evidence. In addition, Agent Coleman, an expert in computer forensics, testified that anything lost by unplugging the computer would be irrelevant to the case at hand and that the best practice to preserve evidence is to unplug a computer because it will not alter any information. Agent Coleman also stated that the most important date in the investigation is the file creation date and that file sharing with other users on the LimeWire/Gnutella Network would not affect the last

15

access date.  In addition, we note that all the evidence in this case that was available to the

Commonwealth for analysis was also available to the defense.

Second, Defendant argues that this Court erred and abused its discretion by failing to

grant Defendant's Motion to Suppress Evidence.  Specifically, Defendant challenges this Court's

failure to suppress inculpatory statements made by Defendant.

After a hearing on the matter, this Court held that the statements Defendant made to

police were made voluntarily and the defendant was not required to receive the *Miranda*

warnings under the totality of the circumstances and denied the motion to suppress.  N.T.

1/12/10, p. 25.

> Our Superior Court has repeatedly held that:

> The standard of review of a denial of suppression is whether the record supports
> the trial court's factual findings and whether the legal conclusions drawn
> therefrom are free from error.  The scope of review is limited to considering only
> the evidence of the prosecution and so much of the evidence for the defense as
> remains uncontradicted when read in the context of the record as a whole.  Where
> the record supports the findings of the suppression court, we are bound by those
> facts and may reverse only if the court erred in reaching its legal conclusions
> based upon the facts.

*Commonwealth v. Schwing*, 964 A.2d 8, 11 (Pa. Super. 2008) *citing Commonwealth v. Reppert,*

814 A.2d 1196, 1200 (Pa. Super. 2002).  Thus, the standard is whether the record supports the

suppression court's ruling or the court misapplied the law.

> Further, the same court stated:

> Law enforcement officer must administer *Miranda* warnings prior to custodial
> interrogation.  The standard for determining whether an encounter with the police
> is deemed "custodial" or police have initiated a custodial interrogation is an
> objective one based on a totality of the circumstances, with due consideration
> given to the reasonable impression conveyed to the person interrogated.
> Custodial interrogation has been defined as "questioning initiated by law
> enforcement officers after a person has been taken into custody or otherwise
> deprived of his [or her] freedom of action in any significant way."
> "Interrogation" is police conduct calculated to, expected to, or likely to evoke

16

admission. When a person's inculpatory statement is not made in response to custodial interrogation, the statement is classified as gratuitous, and is not subject to suppression for lack of warnings.

...

The test for determining whether a suspect is being subjected to custodial interrogation so as to necessitate *Miranda* warnings is whether he is physically deprived of his freedom in any significant way or is placed in a situation in which he reasonably believes that his freedom of action or movement is restricted by such interrogation. Said another way, police detentions become custodial when, under the totality of the circumstances, the conditions and/or duration of the detention become so coercive as to constitute the functional equivalent of arrest.

The factors a court utilizes to determine, under the totality of the circumstances, whether a detention has become so coercive as to constitute the functional equivalent of arrest include: the basis for the detention; its length; its location; whether the suspect was transported against his or her will, how far, and why; whether restraints were used; whether the law enforcement officer showed, threatened or used force; and the investigative methods employed to confirm or dispel suspicions. The fact that a police investigation has focused on a particular individual does not automatically trigger "custody," thus requiring *Miranda* warnings.

*Schwing*, 964 A.2d at 11-12 *citing Commonwealth v. Mannion*, 725 A.2d 196, 200 (Pa. Super. 1999).

Applying the law to the present case, this Court held that the interview was not a custodial interrogation that necessitated the *Miranda* warnings being administered under the totality of the circumstances. Here, the interview was conducted in Defendant's home. Defendant agreed to allow the police to come inside after they asked to discuss internet usage with the defendant. The defendant was not deprived of freedom in any significant way, nor was he transferred against his will. Additionally, the defendant was not restrained in any way, nor were restraints used. The police advised Defendant that he did not have to speak to them and that he did not have to answer any questions. No coercive statements were made to the defendant by the police. Defendant was permitted to speak to his son at any time, to leave the

room, to answer his cell phone and to attend to personal matters without asking permission. We also note that Defendant chose to continue to talk to police after his father advised him to stop talking. For these reasons, we held that Defendant's statements were not the product of a custodial interrogation, and Defendant's motion to suppress was denied.

Third, Defendant argues that there was "insufficient evidence to convict him of knowing possession of child pornography where, *inter alia*, there was little or no evidence that he knowingly acquired child pornography or was aware that child pornography had been downloaded on the computer. Defendant argues that he did not know how to delete child pornography acquired through lime wire file sharing program, no other indicia of pedophilia or interest in child pornography was found during the search of the Piasecki residence and the Piasecki computer was part of a computer network and child pornography could have been acquired through a variety of sources and users."

In order to sustain a conviction, the Commonwealth must introduce evidence from which the finder of fact could find every element of the crime established beyond a reasonable doubt. *Commonwealth v. Montgomery,* 861 A.2d 304, 307 (Pa. Super. 2004). In judging a sufficiency of the evidence claim, the test on appeal is whether, when viewing the evidence in a light most favorable to the Commonwealth as the verdict winner and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime were established beyond a reasonable doubt. *Commonwealth v. Yost*, 386 A.2d 956, 958-59 (Pa. 1978). Moreover, our Supreme Court has held that it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. *Id.* at 959. In doing so, the fact-finder is free to believe all, part, or none of the evidence. *Id.*

18

The Superior Court of Pennsylvania has reiterated that the appellate court's role is not to weigh the evidence, nor substitute its judgment for that of the fact-finder. *Commonwealth v. Kerrigan*, 920 A.2d 190, 195 (Pa. Super. 2007). The *Kerrigan* opinion held that even if the facts and circumstances established by the Commonwealth do not preclude every possibility of innocence, "any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* Furthermore, "the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id.* All of the evidence introduced at the time of trial, and apparently believed by the fact-finder must be considered in applying this standard. *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237 (Pa. 2007). Thus on appeal, the test is whether the trier of fact, while passing upon the credibility of witnesses and the weight of the proof, reached an appropriate verdict based on all of the evidence presented at trial. *Id.*

The Pennsylvania Crimes Code defines "Sexual Abuse of Children- Possession of Child Pornography" as follows: "any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense." 18 Pa.C.S. § 6312(d)(1).

Here, the record reflects that the verdict is supported by more than sufficient evidence. The defendant's statements show an understanding of how the pornography would be accessed and his knowledge that he possessed it. During the interview with police, Defendant stated that he knew how to download files from LimeWire, FrostWire, and Kazaa. Defendant explained that you use keyword searches and then highlight the file that you wish to download. Defendant

initially told police that he had never seen or searched for child pornography. However, Defendant then admitted that he may have accidentally downloaded child pornography on a prior occasion, but would have deleted it immediately. Thereafter, Defendant acknowledged that he had seen child pornography approximately twenty to thirty times. Defendant then asked the police, if he deleted any files he had on his computer would they "make this go away?"

Further, Defendant's argument that the files were part of a mass download of adult pornographic material is also unsupported as evidenced by the explicit and graphic nature of the titles of each file that Defendant highlighted before it was downloaded. Defendant's argument is also unsupported as Agent Coleman opined and testified about the fact that ten of the eighteen preview files were subsequently downloaded to completion and that the file creation dates varied by months, days, minutes, and seconds.

The Commonwealth presented more than sufficient testimony and evidence to support the verdict.

Fourth, Defendant argues that "the verdict was against the weight of the evidence for, *inter alia*, the reasons set forth in the other issues raised on appeal as well as undisputed evidence concerning Defendant's limited mental capacity, limited computer skills, the manner in which LimeWire functions and the manner in which child pornography can be acquired through perfectly legal search terms."

In Pennsylvania, the standard of review for an appeal challenging the weight of the evidence is well-settled. The finder of fact is the exclusive judge of the weight of the evidence and is free to believe all, part, or none of the evidence presented. *Commonwealth v. Cruz*, 919 A.2d 279, 281-82 (Pa. Super. 2007). Additionally, the finder of fact determines the credibility of the witnesses. *Id.* In reaching its decision, it is the duty of the finder of fact to reconcile

20

inconsistent testimony and resolve any inconsistencies. *Commonwealth v. Manchas*, 633 A.2d 618, 624 (Pa. Super. 1993).

The relief sought in a weight of the evidence challenge is the award of a new trial. However, the Supreme Court of Pennsylvania has held a new trial should only be granted if the finding was against the weight of the evidence and is so contrary to the evidence that it shocks one's sense of justice. *Commonwealth v. Whitney*, 512 A.2d 1152, 1155-56 (Pa. 1986). The trial court's decision on a motion for new trial is committed to its sound discretion and an appellate court will not disturb its decision absent an abuse of discretion. *Id.* at 1156.

For these reasons and those previously stated, the verdict was not against the weight of the evidence.

Consequently, this Court found that all of the defendant's issues were without merit.

DATE: *November 29, 2010*

BY THE COURT,

REA B. BOYLAN, J.

Copies sent to:

Jessica Arndt, Esq.
Bucks County District Attorney's Office
55 East Court Street
Doylestown, PA 18901
       Counsel for the Commonwealth

Douglas Maloney, Esq.
BEGLEY CARLIN & MANDIO
680 Middletown Blvd.
P.O. Box 308
Langhorne, PA 19047
       Counsel for Defendant, Jason Piasecki

22

**CERTIFICATE OF SERVICE**

I, Karen A. Diaz, Esquire, Deputy District Attorney of Bucks County, do hereby swear and affirm that on the 9th day of March, 2015, a true and correct copy of Respondent's Supplement is served upon the following in the manner indicated:

**VIA ELECTRONIC FILING:**

Clerk of the District Court
United States District Court
  for the Eastern District of Pennsylvania
2609 United States Courthouse
601 Market Street
Philadelphia, PA  19106

**VIA FIRST CLASS MAIL:**

The Honorable Marilyn Heffley
U.S. Magistrate Judge
United States District Court
  for the Eastern District of Pennsylvania
4001 United States Courthouse
601 Market Street
Philadelphia, PA  19106

Peter Goldberger, Esquire
50 Rittenhouse Place
Ardmore, PA 19003

Respectfully submitted,

/s/ Karen A. Diaz

kad9038

Karen A. Diaz, Deputy District Attorney
Attorney for the Commonwealth/Respondent
Attorney I.D. 56067
Office of the District Attorney
Bucks County Justice Center – 2nd Floor
100 N. Main Street
Doylestown, PA18901
#(215) 348-6344