**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JASON PIASECKI,** | : | **CASE NO. 14-CV-7004** |
| **PETITIONER** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COURT OF COMMON PLEAS OF** | : | |
| **BUCKS COUNTY, ET AL.,** | : | **(CIVIL ACTION)** |
| **RESPONDENTS** | : | |

**SUPPLEMENT TO ANSWER IN OPPOSITION TO PETITION FOR WRIT OF
HABEAS CORPUS AND MEMORANDUM OF LAW IN SUPPORT THEREOF
PURSUANT TO U.S.C.S. SECTION 2254, RULE 5**

# VOLUME IV

**KAREN A. DIAZ
DEPUTY DISTRICT ATTORNEY**

**STEPHEN B. HARRIS
CHIEF OF APPEALS**

**DAVID W. HECKLER
DISTRICT ATTORNEY**

**DISTRICT ATTORNEY'S OFFICE
BUCKS COUNTY JUSTICE CENTER – 2nd FLOOR
100 N. MAIN STREET
DOYLESTOWN, PA 18901
#(215) 348-6344**

## TABLE OF CONTENTS[1]

**EXHIBIT A:**

>   AOPC Web Docketing Statement
>   <u>Commonwealth v. Jason Piasecki</u>, No. CP-09-CR-0005364-2009

**EXHIBIT B:**

>   PA Super Court Web Docket, Direct Appeal, No. 1397 EDA 2010

**EXHIBIT C:**

>   <u>Opinion</u>, Trial Court, 11/29/10

**EXHIBIT D:**

>   <u>Brief for Appellant</u>, Direct Appeal, No. 1397 EDA 2010 (Without Attachments)

**EXHIBIT E:**

>   <u>Memorandum Opinion</u>, PA Superior Court, No. 1397 EDA 2010, 7/25/11

**EXHIBIT F:**

>   <u>Petition for Allowance of Appeal</u>, Direct Appeal, No. 608 MAL 2011

**EXHIBIT G:**

>   PA Super Court Web Docket, PCRA Appeal, No. 1482 EDA 2013

**EXHIBIT H:**

>   <u>Opinion</u>, PCRA Court, 7/1/13

**EXHIBIT I:**

>   <u>Brief for Appellant</u>, PCRA Appeal, No. 1482 EDA 2013 (Without Attachments)

---

[1] Pursuant to this Honorable Court's Order of February 6, 2015, the Bucks County Clerk of Courts was directed to forward to this Honorable Court the contents of the Bucks County Clerk of Courts file on Bucks Co. Case No. CP-09-CR-0005364-2009.  The AOPC Web Docketing Statement reflects that the Clerk of Courts file contains the relevant notes of testimony, as well as the Court Opinions of the PCRA court and the Pennsylvania Superior Court. Therefore, this Supplement contains those appellate documents that Respondent believes are relevant but are not contained within in the Bucks County Clerk of Courts file.

**EXHIBIT J:**

**Memorandum Opinion**, PA Superior Court, No. 1482 EDA 2013, 7/25/11

**EXHIBIT K:**

**Petition for Allowance of Appeal**, PCRA Appeal, No. 178 MAL 2014

# EXHIBIT J

J-S02026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON PIASECKI, | |
| Appellant | No. 1482 EDA 2013 |

Appeal from the PCRA Order of April 24, 2013
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005364-2009

BEFORE:  GANTMAN, P.J., OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:　　　　　　**FILED FEBRUARY 21, 2014**

　　　　Appellant, Jason Piasecki, appeals from the order entered on April 24, 2013 denying his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We dismiss the appeal.

　　　　We have previously summarized the factual background of this case as follows.  "[T]housands of video files, perhaps over [4,000], were found on [Appellant's] computer.  Ninety-three contained child pornography and the rest, apparently, consisted of adult videos. The evidence showed that many videos could have come to be [o]n Appellant's computer during mass downloads of pornography." ***Commonwealth v. Piasecki***, 32 A.3d 280 (Pa. Super. 2011) (unpublished memorandum), at 2, *appeal denied*, 38 A.3d 824 (Pa. 2012).  "Eventually, [Appellant] indicated [to police that] he had seen child pornography [20] or [30] times.   While first claiming he

J-S02026-14

immediately deleted any child pornography that he saw, he later told police that he would 'click' to the end of such videos." *Id.* at 4 (citation omitted). When shown a victim from one of the videos found on his computer, Appellant stated that he may have seen her on his computer. *Id.* (citation omitted).

The procedural history of this case is as follows.  On September 8, 2009, a 30-count information was filed against Appellant.  The information consisted of 15 counts of possession of child pornography[1] and 15 counts of dissemination of child pornography.[2]  Appellant proceeded to a bench trial.  The trial court sustained Appellant's demurrer with respect to the 15 counts of dissemination of child pornography; however, the trial court found Appellant guilty of the 15 counts of possession of child pornography.  On April 26, 2010, Appellant was sentenced to three years of probation at each count, to be served concurrently.  On direct appeal, this Court affirmed Appellant's judgment of sentence and our Supreme Court denied allocatur. On December 19, 2012, Appellant filed a counseled PCRA petition.  He filed a supplement to his petition on March 28, 2013.  The PCRA court held a two-day evidentiary hearing and, on April 24, 2013, denied Appellant's PCRA

_____

[1]  18 Pa.C.S.A. § 6312(d)(1).

[2]  18 Pa.C.S.A. § 6312(c)(1).

J-S02026-14

petition.   Two days later, on April 26, 2013, Appellant's term of probation

expired.[3]  This timely appeal followed.[4]

Appellant presents three issues for our review:

1. Is Appellant entitled to review of the lower court's denial of [ ]PCRA[] relief where he had not completed serving his sentence at the time of the [PCRA] court's opinion but had completed serving his sentence at [the] time he filed the appeal of the denial of his PCRA petition?

2. Was trial counsel ineffective in failing to file and litigate a pre-trial motion to suppress the evidence derived from a search of Appellant's computer prior to obtaining a search warrant, where he had an expectation of privacy in its contents, and the intrusion violated the Wiretapping and Electronic Surveillance Control Act, 18 Pa.[C.S.A.] § 5701 *et. seq*[,] thus violating rights secured to him by the Constitution of the Commonwealth of Pennsylvania, Article 1, Sections 8 and 9, as well as the [Fourth and Fourteenth Amendments to the] Constitution of the United States of America . . . ?

3. Was trial counsel ineffective by failing to object to the admission of Appellant's confession on the basis of the *corpus delecti* rule?

Appellant's Brief at 4.

In his first issue on appeal, Appellant contends that this case is not

moot.  The PCRA court, in its Rule 1925(a) opinion, found that this case is

_____

[3]  We commend the PCRA court for proceeding expeditiously to ensure that Appellant's claims were adjudicated on the merits.

[4]  On May 24, 2013, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement").  **See** Pa.R.A.P. 1925(b).  On June 11, 2013, Appellant filed his concise statement. On July 2, 2013, the PCRA court issued its Rule 1925(a) opinion.  All issues raised on appeal were included in Appellant's concise statement.

J-S02026-14

moot because Appellant's term of probation expired after Appellant's evidentiary hearing and entry of the order denying his PCRA claims but before the PCRA court filed its Rule 1925(a) opinion.  PCRA Court Opinion, 7/2/13, at 2-4; *see also* 42 Pa.C.S.A. § 9543(a)(1)(i) (requiring, among other things, that eligibility for PCRA relief depends upon petitioner serving a sentence of probation at the time relief is granted).

"If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot." *In re S.H.*, 71 A.3d 973, 976 (Pa. Super. 2013) (citation omitted).  Whether this case is moot is a question of statutory interpretation, therefore it is a pure question of law and our standard of review is *de novo* and our scope of review is plenary.  *See A.M.S. v. M.R.C.*, 70 A.3d 830, 832 (Pa. Super. 2013) (citation omitted).

As we have explained,

> In interpreting a statute[ w]e are constrained by the rules of statutory interpretation, particularly as found in the Statutory Construction Act.  1 Pa.C.S.A. §§ 1501–1991.  The goal in interpreting any statute is to ascertain and effectuate the intention of the General Assembly.  Our Supreme Court has stated that the plain language of a statute is in general the best indication of the legislative intent that gave rise to the statute.  When the language is clear, explicit, and free from any ambiguity, we discern intent from the language alone, and not from the arguments based on legislative history or "spirit" of the statute.  We must construe words and phrases in the statute according to their common and approved usage.  We also must construe a statute in such a way as to give effect to all its provisions, if possible, thereby avoiding the need to label any provision as mere surplusage.

J-S02026-14

**C.B. v. J.B.**, 65 A.3d 946, 951 (Pa. Super. 2013), *appeal denied*, 70 A.3d 808 (Pa. 2013) (citation omitted).

> The PCRA provides, in relevant part, that:
>
> (a) **General rule**.--To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence . . .
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>
> (ii) awaiting execution of a sentence of death for the crime; or
>
> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S.A. § 9543(a)(1).  Appellant argues that this case is not moot for three reasons.  First, Appellant argues that he was eligible for relief at the pleading and proof stage of the proceedings, *i.e.*, when the PCRA court issued its ruling, and therefore the case is not moot.  He contends that this Court could reverse and order further proceedings, including a new trial.  This argument is without merit.  Appellant ignores the phrase "at the time relief is granted" in the above-quoted statutory provision.  If this Court were to reverse the decision of the PCRA court and order a new trial we would be granting Appellant relief, which is exactly what the statute prohibits unless Appellant is currently serving a term of imprisonment, probation, or parole.

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence

J-S02026-14

while relief is being sought.  ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997); ***Commonwealth v. Martin***, 832 A.2d 1141, 1143 (Pa. Super. 2003), *appeal denied*, 843 A.2d 1237 (Pa. 2004); ***Commonwealth v. James***, 771 A.2d 33 (Pa. Super. 2001); ***Commonwealth v. Fisher***, 703 A.2d 714, 716 (Pa. Super. 1997).   This Court has also rejected the distinction that Appellant is attempting to draw.  We have found that if a petitioner finishes serving his sentence while an appeal is pending, the case is moot and we may not grant relief.  ***See Commonwealth v. Schmohl***, 975 A.2d 1144, 1149 (Pa. Super. 2009), *citing* ***Commonwealth v. King***, 786 A.2d 993, 996–97 (Pa. Super. 2001).   Accordingly, the fact that Appellant's term of probation has expired is conclusive and it is irrelevant that the PCRA court denied relief prior to the expiration of Appellant's sentence.

Appellant next contends that he is entitled to relief because of the collateral consequences of his conviction.  However, our Supreme Court and this Court have found that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." ***Fisher***, 703 A.2d at 716; ***Ahlborn***, 699 A.2d at 721; ***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa. Super. 2009), *appeal denied*, 990 A.2d 730 (Pa. 2010) (applying this rule in the context of a sex offender); ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004), *cert denied*, 546 U.S. 909 (2005).   Accordingly,

- 6 -

J-S02026-14

Appellant's collateral consequences do not provide a basis for us to grant relief under the PCRA.

Finally, Appellant argues that he is constitutionally entitled to review of the PCRA court's determination. This argument is also without merit. As our Supreme Court has explained, "Because individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite[.]" ***Commonwealth v. Turner***, 80 A.3d 754, 766 (Pa. 2013). Thus, Appellant does not have a constitutional right to review of the PCRA court's disposition of his claim for relief. As such, Appellant's appeal is moot and we will dismiss the appeal. ***See In re W.H.***, 25 A.3d 330, 334 (Pa. Super. 2011), *appeal denied*, 24 A.3d 364 (Pa. 2011).

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2014

- 7 -

# EXHIBIT K

**M.D. Allocatur Dkt.**

~~183~~ - 2014
178

IN THE SUPREME COURT OF PENNSYLVANIA
~~EASTERN DISTRICT~~
*Middle*

Filed in Supreme Court

MAR 1 9 2014

**Middle**

Commonwealth of Pennsylvania,
Respondent

: NO.

VS.

: ALLOCATUR DOCKET 20__

Jason Piasecki,
Petitioner

:
:
:
:

PETITION FOR ALLOWANCE OF APPEAL

Petition for Allowance of Appeal from the February 21, 2014 Memorandum Decision of the (No. 1482
Panel (Gantman, P.J. Olson and Platt, JJ), of the Superior Court of Pennsylvania Denying EDA 2013)
Petitioner's Appeal of the April 23, 2013 order from the Common Pleas Court of Bucks County
Denying His Petition Filed Under the Post-Conviction Relief Act ("PCRA") (No. CP-09-CR-
000 5364 - 2009)

RICHARD R. FINK
ATTORNEY #16211
FINK, FINK & ASSOCIATES
174 Middletown Boulevard, Ste. C300
Langhorne, PA 19047
(215) 741-1212

Dated: March 17, 2014

Received In Supreme Court

MAR 2 1 2014

**Middle**

RECEIVED

MAR 2 0 2014

SUPREME COURT
EASTERN DISTRICT

TABLE OF CONTENTS

Page

1.   REFERENCE TO REPORT OF OPINIONS BELOW ........................................................1

2.   TEXT OF THE ORDER IN QUESTION.........................................................................2

3.   QUESTION FOR REVIEW ...........................................................................................3

4.   STATEMENT OF THE CASE........................................................................................4

5.   REASON(S) FOR ALLOWANCE OF APPEAL ...............................................................6

6.   CONCLUSION..............................................................................................................8

PROOF OF SERVICE.........................................................................................................9

APPENDICES

"A" – SUPERIOR COURT OPINION

"B" – ORDERED DATED APRIL 23, 2013 FROM THE COURT OF COMMON PLEAS

"C" – TEXTS OF CONSTITUTIONAL PROVISIONS AND STATUTES

## IN THE SUPREME COURT OF PENNSYLVANIA
### EASTERN DISTRICT

JASON PIASECKI                                  : NO.
         Petitioner                        :
                                        :
           VS.                                : ALLOCATUR DOCKET 20__
                                          :
                                          :
COMMONWEALTH OF PENNSYLVANIA                     :
         Respondent                       :

---

### PETITION FOR ALLOWANCE OF APPEAL FROM
### THE SUPERIOR TO THE SUPREME COURT

---

## 1.   REFERENCE TO REPORT OF OPINIONS BELOW

The Superior Court issued its panel opinion of February 21, 2014 (Gantman, P.J. Olson and Platt, JJ), denying Petitioner's appeal of the April 23, 2013 order of the Common Pleas of Bucks County.   The Superior Court opinion will appear in a forthcoming volume of Atlantic Second and is attached hereto as Appendix "A." The Court of Common Pleas of Bucks County issued its order dated April 23, 2013, a copy of which is attached hereto as Appendix "B."

1

## 2.   TEXT OF THE ORDER IN QUESTION

The Opinion of the Superior Court from which Petitioner seeks allowance of appeal is:

> Appellant, Jason Piasecki, appeals from the order entered on April 23, 2013 denying his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We dismiss the appeal.

## 3.    QUESTION FOR REVIEW

Whether Petitioner is entitled to review of the lower court's denial of Post-Conviction Relief Act (PCRA) relief where he had not completed serving his sentence at the time of the trial court's opinion but had completed serving his sentence at time he filed the appeal of the denial of his PCRA petition.

**4.    STATEMENT OF THE CASE**

Jason Piasecki was charged with 15 counts of sexual abuse of children, dissemination of child pornography and 15 counts of sexual abuse of children, possession of child pornography. Relevant to the collateral consequences of his convictions, *infra.*, Jason Piasecki lives at home at age 33. His reading is at the third grade level and his math is at the second grade level. He has a difficult time with written and verbal information. He has Asperger's syndrome, and works part-time at a job arranged for him through the Pennsylvania Department of Office of Vocational Rehabilitation, where he sits outside an industrial dump, and watches in order to call his boss and report if something has happened. He receives social security disability income because of his cognitive disabilities. He has had 20 jobs since he began working. At Burger King he could not following the directions for making a hamburger quickly. He could not match hangers by size at Sims, and could not match the customer orders at the conveyor belt at Toys-R-Us. He could not pass the simple math test at Redner's. He cannot pay bills. He cannot spell simple words. He has an 8 year old son in the second grade (R. 224a-234a). Because of his conviction of 15 counts of sexual abuse of children-possession of child pornography, he is subject to SORNA for a period of 15 years. If Piasecki outlives his parents or has no one to help him, and runs afoul of the complex registration requirements, he will become subject to the draconian penalties of 18 Pa.C.S. § 4915.1 (felony of the second degree), which became effective on Dec. 20, 2012, approximately two years after his conviction.

On January 14th of 2010 Piasecki was found guilty of 15 counts of sexual abuse of children, possession of child pornography. On April 26, 2010, he was sentenced to concurrent counts of three years probation.

4

On May 21, 2010, he filed a Notice of Appeal to the Superior Court at docket number 1397 EDA 2010. On July 25, 2011, the Superior Court affirmed judgment of sentence. On August 22, 2011, he filed a Petition for Allowance of Appeal with the Supreme Court at docket number 608 MAL 2011. On January 6, 2012, the Supreme Court filed an order denying the Petition for Allowance of Appeal.

On December 19, 2012, a Petition for Post-Conviction Relief was filed on the basis that trial counsel was ineffective "in failing to file and litigate a pre-trial motion to suppress the evidence derived from a search of Appellant's computer prior to obtaining a search warrant, where he had an expectation of privacy in its contents, and the intrusion violated the Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. Ann. § 5701 et. seq., and that trial counsel was ineffective by failing to object to the admission of Appellant's confession on the basis of the corpus delecti rule. The first the PCRA hearing was held on April 4th, 2013. The PCRA hearing concluded on April 16th, 2013. On April 23, 2013, the Honorable Judge Rea B. Boylan denied Appellant's Petition for Post-Conviction Relief. Appellant filed a timely appeal to this Court on May 22, 2013. Two days later his probationary sentence expired. Piasecki was serving a sentence at both the pleading and proof stages of the PCRA. He had not completed serving his sentence at the time of the trial court's opinion but had completed serving his sentence at time he filed the appeal of the denial of his PCRA petition. Petitioner took all possible steps to have his claims promptly reviewed prior to his release.

On May 22, 2013 Petitioner filed Notice of Appeal to The Superior Court at docket number 1482 EDA 2013. On February 21, 2014, the Superior Court of Pennsylvania filed its memorandum dismissing Petitioner's appeal as moot.

5

## 5.   REASON(S) FOR ALLOWANCE OF APPEAL

The question presented is one of such substantial public importance as to require definitive resolution by the Pennsylvania Supreme Court; to clarify that jurisdiction and mootness are separate inquiries in an appeals of a PCRA court's decision, and that an appeal does not becomes moot where an actual case or controversy still exists in that the appellate courts can reverse the Lower Court's denial of the relief requested there, and grant a new trial, or vacate the conviction without remanding the case to the lower court. Further, that, as in the Third Circuit, an appeal from the district court's dismissal of a petition for habeas corpus is not moot even though a petitioner had served his sentence, where the petitioner took all possible steps to have his claims promptly reviewed prior to his release.

This Honorable Court has the opportunity to declare that PCRA petitions are not "moot" where "the potential for harm under the enhancing statutes [for multiple offenders] and the sentencing guidelines still exists, and that to cause these defendants to potentially suffer the heightened consequences on a subsequent conviction, based upon the present convictions which may have been reversed due to meritorious claims presented in their unreviewed PCRA petitions, is against basic principles of justice and the rights conferred under our state and federal constitutions," and to recognize that Pennsylvania is the only jurisdiction, state or federal, which has expressly abrogated the doctrine of collateral consequences, and legislated abrogation of the collateral consequences doctrine, which had been created by our Supreme Court as "an exception to the mootness doctrine, and provided that a collateral attack upon a conviction for which a sentence has been fully served is not moot where the petitioner can demonstrate that the

conviction will affect a subsequent criminal prosecution." (citation omitted). The subsequently enacted SORNA requirements and potential registration penalties for failure to register are important factors for this court's determination of whether this case moot.

**6.    CONCLUSION**

WHEREFORE, for the reasons contained herein, Petitioner requests that this Court grant this Petition for Allowance of Appeal.

Respectfully submitted,

RICHARD R. FINK
ATTORNEY #16211
FINK, FINK & ASSOCIATES
174 Middletown Boulevard, Ste. C300
Langhorne, PA 19047
(215) 741-1212

8

Richard R. Fink, Esquire
Fink, Fink and Associates
Attorney I.D. # 16211
The Lofts at Oxford Valley
174 Middletown Blvd., Ste. C300
Langhorne, PA 19047
(215) 741-1212

## IN THE SUPREME COURT OF PENNSYLVANIA
### EASTERN DISTRICT

| | |
|---|---|
| JASON PIASECKI | : NO. |
|       Petitioner | : |
| | : |
|      VS. | : ALLOCATUR DOCKET 20__ |
| | : |
| | : |
| COMMONWEALTH OF PENNSYLVANIA | : |
|       Respondent | : |

### PROOF OF SERVICE

I, RICHARD R. FINK, ESQUIRE, attorney for the Defendant, JASON PIASECKI,

hereby verify and certify that copies of the Appellant's Petition have been served on the

following and by the manner indicated.

**VIA FIRST CLASS MAIL:**

John Person, Prothonotary
Supreme Court of Pennsylvania
468 City Hall
Philadelphia, PA 19107

Honorable Judge Rea B. Boylan
Judges Chambers
Bucks County Courthouse
55 East Court Street
Doylestown, PA 18901

Karen Reid Bramblett, Prothonotary
Superior Court of Pennsylvania
530 Walnut Street
Philadelphia, PA 19106

Karen Diaz, ADA
District Attorney's Office
Bucks County Courthouse
55 East Court Street
Doylestown, PA 18901

_3-19-14_
DATE

RICHARD R. FINK, ESQUIRE

9

J-S02026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON PIASECKI, | |
| Appellant | No. 1482 EDA 2013 |

Appeal from the PCRA Order of April 24, 2013
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005364-2009

BEFORE: GANTMAN, P.J., OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 21, 2014**

Appellant, Jason Piasecki, appeals from the order entered on April 24, 2013 denying his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We dismiss the appeal.

We have previously summarized the factual background of this case as follows. "[T]housands of video files, perhaps over [4,000], were found on [Appellant's] computer. Ninety-three contained child pornography and the rest, apparently, consisted of adult videos. The evidence showed that many videos could have come to be [o]n Appellant's computer during mass downloads of pornography." *Commonwealth v. Piasecki*, 32 A.3d 280 (Pa. Super. 2011) (unpublished memorandum), at 2, *appeal denied*, 38 A.3d 824 (Pa. 2012). "Eventually, [Appellant] indicated [to police that] he had seen child pornography [20] or [30] times. While first claiming he

immediately deleted any child pornography that he saw, he later told police that he would 'click' to the end of such videos." ***Id.*** at 4 (citation omitted). When shown a victim from one of the videos found on his computer, Appellant stated that he may have seen her on his computer. ***Id.*** (citation omitted).

The procedural history of this case is as follows. On September 8, 2009, a 30-count information was filed against Appellant. The information consisted of 15 counts of possession of child pornography[1] and 15 counts of dissemination of child pornography.[2] Appellant proceeded to a bench trial. The trial court sustained Appellant's demurrer with respect to the 15 counts of dissemination of child pornography; however, the trial court found Appellant guilty of the 15 counts of possession of child pornography. On April 26, 2010, Appellant was sentenced to three years of probation at each count, to be served concurrently. On direct appeal, this Court affirmed Appellant's judgment of sentence and our Supreme Court denied allocatur. On December 19, 2012, Appellant filed a counseled PCRA petition. He filed a supplement to his petition on March 28, 2013. The PCRA court held a two-day evidentiary hearing and, on April 24, 2013, denied Appellant's PCRA

---

[1] 18 Pa.C.S.A. § 6312(d)(1).

[2] 18 Pa.C.S.A. § 6312(c)(1).

J-S02026-14

petition.  Two days later, on April 26, 2013, Appellant's term of probation

expired.[3]  This timely appeal followed.[4]

Appellant presents three issues for our review:

1. Is Appellant entitled to review of the lower court's denial of [ ]PCRA[] relief where he had not completed serving his sentence at the time of the [PCRA] court's opinion but had completed serving his sentence at [the] time he filed the appeal of the denial of his PCRA petition?

2. Was trial counsel ineffective in failing to file and litigate a pre-trial motion to suppress the evidence derived from a search of Appellant's computer prior to obtaining a search warrant, where he had an expectation of privacy in its contents, and the intrusion violated the Wiretapping and Electronic Surveillance Control Act, 18 Pa.[C.S.A.] § 5701 *et. seq*[,] thus violating rights secured to him by the Constitution of the Commonwealth of Pennsylvania, Article 1, Sections 8 and 9, as well as the [Fourth and Fourteenth Amendments to the] Constitution of the United States of America . . . ?

3. Was trial counsel ineffective by failing to object to the admission of Appellant's confession on the basis of the *corpus delecti* rule?

Appellant's Brief at 4.

In his first issue on appeal, Appellant contends that this case is not

moot.  The PCRA court, in its Rule 1925(a) opinion, found that this case is

---

[3]  We commend the PCRA court for proceeding expeditiously to ensure that Appellant's claims were adjudicated on the merits.

[4]  On May 24, 2013, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b).  On June 11, 2013, Appellant filed his concise statement. On July 2, 2013, the PCRA court issued its Rule 1925(a) opinion.  All issues raised on appeal were included in Appellant's concise statement.

- 3 -

J-S02026-14

moot because Appellant's term of probation expired after Appellant's evidentiary hearing and entry of the order denying his PCRA claims but before the PCRA court filed its Rule 1925(a) opinion.  PCRA Court Opinion, 7/2/13, at 2-4; *see also* 42 Pa.C.S.A. § 9543(a)(1)(i) (requiring, among other things, that eligibility for PCRA relief depends upon petitioner serving a sentence of probation at the time relief is granted).

"If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot." *In re S.H.*, 71 A.3d 973, 976 (Pa. Super. 2013) (citation omitted).  Whether this case is moot is a question of statutory interpretation, therefore it is a pure question of law and our standard of review is *de novo* and our scope of review is plenary.  *See A.M.S. v. M.R.C.*, 70 A.3d 830, 832 (Pa. Super. 2013) (citation omitted).

As we have explained,

In interpreting a statute[ w]e are constrained by the rules of statutory interpretation, particularly as found in the Statutory Construction Act.   1 Pa.C.S.A. §§ 1501–1991.   The goal in interpreting any statute is to ascertain and effectuate the intention of the General Assembly.   Our Supreme Court has stated that the plain language of a statute is in general the best indication of the legislative intent that gave rise to the statute. When the language is clear, explicit, and free from any ambiguity, we discern intent from the language alone, and not from the arguments based on legislative history or "spirit" of the statute.   We must construe words and phrases in the statute according to their common and approved usage.   We also must construe a statute in such a way as to give effect to all its provisions, if possible, thereby avoiding the need to label any provision as mere surplusage.

- 4 -

J-S02026-14

*C.B. v. J.B.*, 65 A.3d 946, 951 (Pa. Super. 2013), *appeal denied*, 70 A.3d

808 (Pa. 2013) (citation omitted).

> The PCRA provides, in relevant part, that:
>
> (a) **General rule.**--To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence . . .
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>
> (ii) awaiting execution of a sentence of death for the crime; or
>
> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S.A. § 9543(a)(1). Appellant argues that this case is not moot for

three reasons. First, Appellant argues that he was eligible for relief at the

pleading and proof stage of the proceedings, *i.e.*, when the PCRA court

issued its ruling, and therefore the case is not moot. He contends that this

Court could reverse and order further proceedings, including a new trial.

This argument is without merit. Appellant ignores the phrase "at the time

relief is granted" in the above-quoted statutory provision. If this Court were

to reverse the decision of the PCRA court and order a new trial we would be

granting Appellant relief, which is exactly what the statute prohibits unless

Appellant is currently serving a term of imprisonment, probation, or parole.

Our Supreme Court and this Court have consistently interpreted

Section 9543(a) to require that a PCRA petitioner be serving a sentence

- 5 -

J-S02026-14

while relief is being sought. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Martin*, 832 A.2d 1141, 1143 (Pa. Super. 2003), *appeal denied*, 843 A.2d 1237 (Pa. 2004); *Commonwealth v. James*, 771 A.2d 33 (Pa. Super. 2001); *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997). This Court has also rejected the distinction that Appellant is attempting to draw. We have found that if a petitioner finishes serving his sentence while an appeal is pending, the case is moot and we may not grant relief. *See Commonwealth v. Schmohl*, 975 A.2d 1144, 1149 (Pa. Super. 2009), *citing Commonwealth v. King*, 786 A.2d 993, 996–97 (Pa. Super. 2001). Accordingly, the fact that Appellant's term of probation has expired is conclusive and it is irrelevant that the PCRA court denied relief prior to the expiration of Appellant's sentence.

Appellant next contends that he is entitled to relief because of the collateral consequences of his conviction. However, our Supreme Court and this Court have found that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Fisher*, 703 A.2d at 716; *Ahlborn*, 699 A.2d at 721; *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009), *appeal denied*, 990 A.2d 730 (Pa. 2010) (applying this rule in the context of a sex offender); *Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004), *cert denied*, 546 U.S. 909 (2005). Accordingly,

- 6 -

J-S02026-14

Appellant's collateral consequences do not provide a basis for us to grant relief under the PCRA.

Finally, Appellant argues that he is constitutionally entitled to review of the PCRA court's determination. This argument is also without merit. As our Supreme Court has explained, "Because individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite[.]" ***Commonwealth v. Turner***, 80 A.3d 754, 766 (Pa. 2013). Thus, Appellant does not have a constitutional right to review of the PCRA court's disposition of his claim for relief. As such, Appellant's appeal is moot and we will dismiss the appeal. ***See In re W.H.***, 25 A.3d 330, 334 (Pa. Super. 2011), *appeal denied*, 24 A.3d 364 (Pa. 2011).

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2014

- 7 -

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :   No. 5364/2009
                                       :   (1482 EDA 2013)
        v.                       :
                                         :
JASON PIASECKI                    :

### M E M O R A N D U M   O P I N I O N

      Defendant, Jason Piasecki, appeals the denial of his first petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et seq.* This Court believes that this appeal should be quashed because the defendant is ineligible to file an appeal as his sentence expired on April 26, 2013.

      The following is a summary of the relevant procedural history. On November 9, 2009, Defendant filed a Motion to Suppress Evidence. On January 6, 2010, Defendant filed Motion to Dismiss Due to Commonwealth Destruction of Exculpatory Evidence. On January 12, 2010, after a hearing on the motions, this Court denied Defendant's pretrial motions. On January 12, 2010, a waiver trial commenced.

      At the conclusion of the Commonwealth's case, this Court sustained a demurrer on fifteen counts of Sexual Abuse of Children- Dissemination of Photographs, Videotapes, Computer Depictions and Films.[1] N.T. 1/12/10, p. 86. On January 14, 2010, at the conclusion of the trial, Defendant was found guilty of fifteen counts of Sexual Abuse of Children- Possession of Child Pornography.[2] N.T. 1/14/10, p. 83. Sentencing was deferred for a sexual offender assessment pursuant to 42 Pa.C.S. § 9795.4. The assessment determined that Defendant did not

---

[1] 18 Pa.C.S. § 6312(c)(1).

[2] 18 Pa.C.S. § 6312(d)(1).

meet the criteria for a sexually violent predator. N.T. 4/26/10, p. 2.  On April 26, 2010,

Defendant was sentenced to three years county probation.  N.T. 4/26/10, p. 13.

On May 21, 2010, Defendant filed a Notice of Appeal to the Superior Court.  On July 25,

2011, the Superior Court affirmed this Court's judgment of sentence.  1397 EDA 2010.

Defendant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania,

which was denied on January 6, 2012.  608 MAL 2011.

On December 19, 2012, Defendant through counsel filed his first PCRA petition.  On

January 3, 2013, this Court issued an Order to Answer on the Commonwealth returnable by

January 28, 2013.  On January 24, 2013, this Court scheduled a hearing for April 4, 2013.  On

January 28, 2013, the Commonwealth filed an Answer.  On March 28, 2013, Defendant filed

"Supplement to Paragraphs 11 and 13 of Petition for Post Conviction Collateral Relief."

On April 4, 2013 and April 16, 2013, evidentiary hearings were held.  At the conclusion

of the hearings, this Court took the matter under advisement.  Counsel also submitted

memoranda to this Court.  On April 24, 2013, by written Order, this Court denied Defendant's

PCRA petition and advised Defendant that he "may appeal to the Superior Court of Pennsylvania

within thirty (30) days from entry of this Order.  Pa.R.A.P. 903; *but see* 42 Pa.C.S.

§9543(a)(1)(i)."

On April 26, 2013, Defendant's probationary sentence expired.  On May 22, 2013,

Defendant filed the instant appeal with the Superior Court.

Under Pennsylvania law, "[t]o be eligible for relief under [the PCRA], the petitioner

**must plead and prove by a preponderance of the evidence** all of the following: That the

**petitioner has been convicted of a crime** under the laws of this Commonwealth **and is at the

time relief is granted: currently serving a sentence of** imprisonment, **probation** or parole **for**

2

the crime. 42 Pa.C.S. § 9543(a)(1)(i)(emphasis added). In the present case, Defendant is no

longer serving a sentence as his probation expired on April 26, 2013.

Our Supreme Court addressed a similar matter in *Commonwealth v. Ahlborn*, 699 A.2d

718 (1997). In *Ahlborn*,

> At issue is whether one who has filed a PCRA petition while serving a sentence of
> imprisonment remains eligible for relief in the event that, **prior to any final
> adjudication of the petition, he is released from custody.**
>
> . . .
>
> It is well established that when the language of a statute is clear and
> unambiguous, it must be given effect in accordance with its plain and obvious
> meaning. *Commonwealth v. Corporan*, 613 A.2d 530, 531 (Pa. 1992);
> *Commonwealth v. Kriston*, 588 A.2d 898, 899 (Pa. 1991); *Commonwealth v.
> Bursick*, 584 A.2d 291, 293 (Pa. 1990); *Commonwealth v. Bell*, 516 A.2d 1172,
> 1175 (Pa. 1986); Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). **Here,
> the denial of relief for a petitioner who has finished serving his sentence is
> required by the plain language of the statute. To be eligible for relief a
> petitioner must be *currently* serving a sentence of imprisonment, probation
> or parole. To grant relief at a time when appellant is *not* currently serving
> such a sentence would be to ignore the language of the statute.** . . . The
> search for legislative intent is at an end, however, where the language used by the
> legislature is clear. *Bursick*, 584 A.2d at 293 ("We are constrained ... to apply
> statutory language enacted by the legislature rather than speculate as to whether
> the legislative spirit or intent differs from what has been plainly expressed in the
> relevant statutes."); *Bell*, 516 A.2d at 1175 (When the language of a statute is
> plain and clear, it is inappropriate to inquire further into legislative intent.). *See
> also* Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b) ("When the words
> of a statute are clear and free from all ambiguity, the letter of it is not to be
> disregarded under the pretext of pursuing its spirit.").

*Ahlborn*, 699 A.2d at 719-20 (emphasis added). *See also Commonwealth v. Matin*, 832 A.2d

1141, 1142 (Pa. Super. 2003). Here, appellate review of the instant matter would constitute a

final adjudication of Defendant's petition on the merits.

Accordingly, this Court believes that Defendant is no longer eligible for relief pursuant to

the PCRA, as he is no longer serving a sentence, and is unable to file the instant appeal.

However, if the Honorable Superior Court disagrees with this Court's interpretation of

3

Defendant's eligibility, this Court respectfully requests that it remand this matter for an Opinion on the merits of the denial of Defendant's PCRA petition.

DATE: July 1, 2013                BY THE COURT,

REA B. BOYLAN, J.

4

*Criminal*
*4-24-13*

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY
### CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :     No. 2009/5364

                 : 

         v.                : 

                 : 

JASON PIASECKI             : 

### ORDER

AND NOW, this _23rd_ day of April, 2013, upon review of Defendant's "Petition for Post Conviction Collateral Relief" filed on December 19, 2012, the Commonwealth's Answer filed on January 28, 2013, any supplemental filings and memoranda, and after a hearing on the matter, it is hereby ORDERED, ADJUDGED, and DECREED that the Petition is DENIED.

FURTHER, Defendant may appeal to the Superior Court of Pennsylvania within thirty (30) days from entry of this Order. Pa.R.A.P. 903; *but see* 42 Pa.C.S. §9543(a)(1)(i).

BY THE COURT,

_____

REA B. BOYLAN, J.

**N.B.**     It is your responsibility to notify all interested parties of the above action.

Copies sent to:                  email 4-24-13

Karen Diaz, Esq.
Bucks County District Attorney's Office
55 East Court Street
Doylestown, PA 18901
        Counsel for the Commonwealth

Richard R. Fink, Esq.         for
FINK, FINK & ASSOCIATES
The Lofts at Oxford Valley
174 Middletown Blvd., Suite 300
Langhorne, PA 19047
        Counsel for Defendant, Jason Piasecki

## TEXTS OF CONSTITUTIONAL PROVISIONS and STATUTES

42 Pa.C.S.A. § 9543 provides, regarding Post Conviction Relief Act (PCRA) relief, in

relevant part:

### § 9543. Eligibility for relief

**(a) General rule.**--To be eligible for relief under this subchapter, the petitioner must **plead and prove** by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

\*     \*     \*

(emphasis added).


Const. Art. 1, § 14.  Prisoners to be bailable; habeas corpus

All prisoners shall be bailable by sufficient sureties, unless for capital offenses or for offenses for which the maximum sentence is life imprisonment or unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great; and the privilege of the writ of habeas corpus shall not be suspended, unless when in case of rebellion or invasion the public safety may require it.


Const. Art. 5, § 9. Right of appeal

There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be

as provided by law; and there shall be such other rights of appeal as may be provided by law.

Fifth Amendment to the Constitution of the United States of America:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation



U.S. POSTAGE
PAID
LANGHORNE,PA
19047
MAR 19, '14
AMOUNT
**$1.30**
00030848-07

UNITED STATES
POSTAL SERVICE®

Certificate Of
Mailing

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: Richard A. Fink, Esquire
Fink Fink & Associates
124 Middletown Blvd. #C400
Langhorne, PA 19047

To: John Person, Prothonotary
PA Supreme Court
468 City Hall
Philadelphia, PA 19107

Superior Court Docket #1482 EDA 2013

PS Form 3817, April 2007 PSN 7530-02-000-9065

RECEIVED
MAR 20 2014
SUPREME COURT
EASTERN DISTRICT

## CERTIFICATE OF SERVICE

I, Karen A. Diaz, Esquire, Deputy District Attorney of Bucks County, do hereby swear and affirm that on the 9th day of March, 2015, a true and correct copy of Respondent's Supplement is served upon the following in the manner indicated:

### VIA ELECTRONIC FILING:

Clerk of the District Court
United States District Court
  for the Eastern District of Pennsylvania
2609 United States Courthouse
601 Market Street
Philadelphia, PA  19106

### VIA FIRST CLASS MAIL:

The Honorable Marilyn Heffley
U.S. Magistrate Judge
United States District Court
  for the Eastern District of Pennsylvania
4001 United States Courthouse
601 Market Street
Philadelphia, PA  19106

Peter Goldberger, Esquire
50 Rittenhouse Place
Ardmore, PA 19003

Respectfully submitted,

/s/ Karen A. Diaz

kad9038

Karen A. Diaz, Deputy District Attorney
Attorney for the Commonwealth/Respondent
Attorney I.D. 56067
Office of the District Attorney
Bucks County Justice Center – 2nd Floor
100 N. Main Street
Doylestown, PA 18901
#(215) 348-6344