IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON PIASECKI, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | NO. 14-7004 |
| COURT OF COMMON PLEAS OF BUCKS | : | |
| COUNTY, PENNSYLVANIA, et al., | : | |
| | : | |
| Respondents. | : | |

REPORT AND RECOMMENDATION

**MARILYN HEFFLEY, U.S.M.J.**                                          **April 21, 2016**

This is a counseled petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254

by Jason Piasecki ("Petitioner" or "Piasecki"). Piasecki was not sentenced to imprisonment for

his conviction and he has been released from probation. He nevertheless seeks habeas review

based on the fact he is subject to the reporting requirements of Pennsylvania's Sexual Offender

Registration and Notification Act ("SORNA"), 42 Pa. Cons. Stat**.** § 9799.10-.41. For the reasons

that follow, I find that the Court lacks jurisdiction over Piasecki's petition and recommend that

the petition be denied.[1]

## I.     FACTUAL AND PROCEDURAL HISTORY

On January 14, 2010, Piasecki was convicted in the Court of Common Pleas of Bucks

County, Pennsylvania of 15 counts of Sexual Abuse of Children—Possession of Child

Pornography pursuant to 18 Pa. Cons. Stat. § 6312(d)(1). Resp't's Br. (Doc. No. 6) Ex. H, at 1

---

[1] Given that the Court lacks jurisdiction over Piasecki's habeas petition, it is not necessary to reach the merits of his claims.

(Commonwealth v. Piasecki, No. 1482 EDA 2013, slip op. at 1 (Pa. Ct. C.P. July 1, 2013)).  On

April 26, 2010, Piasecki was sentenced to three years of probation.  Id. at 2.  The Pennsylvania

Superior Court denied Piasecki's direct appeal on July 25, 2011.  Id.  The Pennsylvania Supreme

Court denied Piasecki's petition for allowance of appeal on January 6, 2012.  Id.

On December 19, 2012, Piasecki filed a counseled petition for post-conviction relief

pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 et

seq.  Id.  Hearings on the petition were held on April 4 and April 16, 2013.  Resp't's Br. Ex. H,

at 2.  On April 24, 2013, at the conclusion of the hearing, the PCRA court denied Piasecki's

petition on the merits.  Id. at 2.  Piasecki's probationary sentence expired on April 26, 2013.  Id.

Piasecki filed an appeal with the Pennsylvania Superior Court on May 21, 2013.  Id.  On July 1,

2013, the PCRA court filed an opinion pursuant to Pennsylvania Rule of Appellate Procedure

1925(a) in response to Piasecki's appeal.[2]  Id. Ex H.  The PCRA court did not address the merits

of Piasecki's claims in its opinion, but instead suggested to the Superior Court that Piasecki no

longer was eligible for PCRA review due to the expiration of his term of probation.  Id. at 2-3.

On February 21, 2014, the Superior Court agreed that Piasecki was ineligible for PCRA relief

under the terms of 42 Pa. Cons. Stat. § 9543(a)(1)(i) and dismissed his appeal.  Id. Ex. J, at 2-3.

The Pennsylvania Supreme Court denied Piasecki's petition for allowance of appeal on August

19, 2014.  Commonwealth v. Piasecki, 32 A.3d 280 (Pa. 2014).  Piasecki then filed the present

habeas petition (Doc. No. 1) on December 14, 2014.

In his petition, Piasecki seeks habeas relief on the following grounds: (1) the evidence

---

[2]   Under Pennsylvania appellate procedure "the judge who entered the order giving rise to the notice of appeal . . . shall forthwith file of record at least a brief opinion of the reasons for the order . . . ."  Pa. R. App. P. 1925(a).

was insufficient to support his conviction; (2) his statements to police were inadmissible because

he was interrogated in police custody without <u>Miranda</u> warnings; (3) the police destroyed

exculpatory information by unplugging his computer; (4) trial counsel was ineffective in failing

to invoke Pennsylvania's <u>corpus delecti</u> rule; and (5) evidence admitted at trial was obtained as a

result of an unlawful, warrantless intrusion by the police into his computer using computer

software.  In addition to challenging Piasecki's arguments on the merits, Respondents contend

that this Court lacks jurisdiction to hear Piasecki's petition.  As discussed below, I agree with

Respondents and recommend that Piasecki's petition be denied.

## II.     DISCUSSION

The statute governing habeas petitions, 28 U.S.C. § 2254(a), grants jurisdiction for a

court to "entertain an application for a writ of habeas corpus in behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of

the Constitution or laws or treaties of the United States."  As the Supreme Court has explained,

"[t]he custody requirement of the habeas corpus statute is designed to preserve the writ of habeas

corpus as a remedy for severe restraints on individual liberty.  Since habeas corpus is an

extraordinary remedy . . . , its use has been limited to cases of special urgency, leaving more

conventional remedies for cases in which the restraints on liberty are neither severe nor

immediate."  <u>Hensley v. Mun. Court</u>, 411 U.S. 345, 351 (1973).  Because Piasecki's

probationary sentence has been completed, Respondents contend that he is no longer "in

custody" and, therefore, is ineligible for habeas relief.  Resp't's Br. at 11-15.  Piasecki argues,

however, that the registration requirements of Pennsylvania's SORNA, 42 Pa. Cons. Stat.

§ 9799.10-.15, are so onerous that they render him "in custody" for the purposes of Section 2254.

Reply (Doc. No. 14) at 2-4.

Pennsylvania amended its SORNA statute, effective December 20, 2012, to impose stricter registration requirements on individuals convicted of sexual offenses.  2011 Pa. Legis. Serv. 2011-111 (West).  Prior to the amendments, although the United States Court of Appeals for the Third Circuit had not ruled on the issue, federal district courts in Pennsylvania unanimously agreed that the registration requirements of the pre-2012 version of the statute, known as Megan's Law, did not render a convicted person in custody for the purposes of habeas jurisdiction.  See, e.g., Williams v. District Attorney, No. 10-353, 2010 WL 4388073, at *7-9 (W.D. Pa. Oct. 29, 2010); Bankoff v. Commonwealth, No. 09-CV-2042, 2010 WL 396096, at *2-5 (E.D. Pa. Feb. 2, 2010); Cravener v. Cameron, No. 08-1682, 2010 WL 235119 at *2-7 (W.D. Pa. Jan. 15, 2010); Story v. Dauer, No. 08-1682, 2009 WL 416277, at *1 (W.D. Pa. Feb. 18, 2009).  Similarly, "every court of appeals to have considered whether the registration requirements imposed on sex offenders place the sex offender in custody for purposes of habeas jurisdiction has concluded that they do not."  Wilson v. Flaherty, 689 F.3d 332, 337-38 (4th Cir. 2012).

Piasecki contends that the registration burden imposed on him under SORNA is more onerous than that imposed on sex offenders under Megan's Law prior to December 20, 2012. Megan's Law required offenders, such as Piasecki, to register with the Pennsylvania State Police by mail once a year.  42 Pa. Cons. Stat. § 9796(b) (repealed 2012).  SORNA imposes a requirement that a Tier III offender, like Piasecki,[3] appear and register in person at a Pennsylvania State Police facility at least every quarter.  Id. § 9799.15(e)(3).  It also imposes the

---

[3]   Pennsylvania's SORNA classifies offenders into three "tiers" based on the severity of their offenses.  42 Pa. Cons. Stat. § 9799.14.  Because Piasecki was convicted of multiple counts of possession of child pornography, he is classified as a Tier III offender.  Id. § 9799.14(d)(16).

obligation to register an expanded range of information and to re-register within three days after an offender changes any of the following: name or alias; residence or the absence of a set residence; employer, location of employment or termination of employment; enrollment or termination of enrollment as a student;  telephone number, including cell phone number, or termination of a telephone or cell telephone number; addition, change in ownership, or termination of ownership of a motor vehicle, including watercraft or aircraft; temporary lodging or the commencement or termination of temporary lodging; email address, instant message address or any other designations used in internet communications or postings; and professional or occupational licensing.  Id. § 9795.15(g).  For Tier III offenders, the registration obligation continues for life.  Id. § 9799.15(a)(3).

Piasecki bases his argument that he is in custody for purposes of habeas jurisdiction on Barry v. Bergen Cnty. Probation Dept., 128 F.3d 152, 159-61 (3d Cir. 1997), in which the Third Circuit held that a person who was sentenced to 500 hours of community service was in custody for the purposes of Section 2254 jurisdiction.  Reply at 2-4.  The Barry court reasoned that  "an individual who is required to be in a certain place—or in one of several places—to attend meetings or to perform services, is clearly subject to restraints on his liberty not shared by the public generally."  Barry, 128 F.3d at 161 (citing Dow v. Circuit Court, 591 F.2d 404, 407 n.6 (9th Cir. 1979)).  Piasecki contends that the in-person registration requirements of SORNA place restrictions on his freedom of movement "at least as severe and burdensome" as the community service requirement in Barry.  Reply at 3.

Piasecki, however, misunderstands the basis for the Third Circuit's holding in Barry and the distinction between it and the numerous cases that have held sex-offender registration requirements do not place the offender "in custody" in a way that meets the jurisdictional

requirement of Section 2254.  That statute "require[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id. at 492.  As the United States Court of Appeals for the Seventh Circuit explained in Stanbridge v. Scott, it is not merely the degree to which a convicted person's freedom of movement is constricted that determines whether a person is in custody for habeas purposes.  791 F.3d 715, 719 (7th Cir. 2015).  "[A] habeas petitioner is not "in custody" pursuant to a particular conviction unless his physical liberty of movement is limited in a non-negligible way, and that limitation is a *direct* consequence of the challenged conviction." Id.  A limitation is a direct consequence of a conviction if it is "imposed by the sentencing court as part of the authorized punishment, and included in the court's judgment." Id.  It is a collateral consequence of the judgment "if it is not included in the court's judgment, no matter whether the consequence is imposed on a person automatically upon conviction or serves as a necessary predicate for a subsequent determination by a court or administrative agency on grounds related to the conviction." Id.

Stanbridge involved a habeas petitioner convicted of aggravated sexual abuse in Illinois. Id. at 717.  After Stanbridge's conviction, while he was still incarcerated under the sentence that resulted from it, the State filed a petition to have him civilly committed under Illinois' Sexually Violent Persons Commitment Act, 725 Ill. Comp. Stat 207/15, /20.  Stanbridge, 791 F.3d at 717. That act provides for civil commitment of a person who has been found guilty of a sexually violent offense and "is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in sexual violence." Id. at 721 (quoting 725

Ill. Comp. Stat. 207/5(f)).  Although the court recognized that civil commitment was a significant

restraint on Stanbridge's freedom of movement, it held that the restraint did not render

Stanbridge in custody for habeas purposes because it was not a direct consequence of his

criminal sentence, but was a collateral result of the non-criminal Sexually Violent Persons

Commitment Act.  The court relied in reaching that decision on cases that held that the

possibility of civil commitment after the expiration of a criminal sentence is a collateral

consequence of a criminal conviction.  Id. (citing Chaidez v. United States, ___ U.S. ___, 133 S.

Ct. 1103, 1108 n.5 (2013); George v. Black, 732 F.2d 108, 110 (8th Cir. 1984)); see also

Stanbridge, 791 F.3d at 719-20 (collecting cases holding that being placed in federal detention

awaiting deportation does not render a petitioner in custody).  Thus, even where a petitioner

faces a deprivation of liberty as serious as indefinite civil commitment, that deprivation does not

make the petitioner eligible for habeas review unless the deprivation is imposed as the direct

consequence of the conviction.  The Stanbridge court specifically distinguished Barry on the

ground that the deprivation of liberty at issue there was both substantial and a direct result of the

conviction that was being challenged in the habeas petition.  791 F.3d at 720.

Courts have consistently relied on the distinction between the direct consequences of a

conviction and collateral consequences in holding that sex-offender registration statutes do not

render a person in custody for purposes of habeas jurisdiction.  See, e.g., Calhoun v. Attorney

Gen., 745 F.3d 1070, 1074 (10th Cir. 2014); Wilson, 689 F.3d at 336-37; Virsnieks v. Smith, 521

F.3d 707, 717 (7th Cir. 2008); Leslie v. Randle, 296 F.3d 518, 521-22 (6th Cir. 2002); Henry v.

Lungren, 164 F.3d 1240, 1241-42 (9th Cir. 1999); Williamson v. Gregoire, 151 F.3d 1180, 1182-

85 (9th Cir. 1998).  Some courts have found additional support in the determination that a sex-

offender registration statute was remedial in nature rather than punitive.  See, e.g., Calhoun, 745

F.3d at 1074; <u>Virsnieks</u>, 521 F.3d at 720; <u>Leslie</u>, 296 F.3d at 522-23; <u>Diaz v. Commonwealth</u>, No. 12-7082, 2103 WL 6085924, at *6 (E.D. Pa. Nov. 19, 2013).  Other courts have relied on the fact that an offender who completes his or her sentence and then fails to comply with the registration requirement cannot be reincarcerated under the original conviction; any imprisonment would come from a new conviction for failure to comply with the sex-offender registration statute.  <u>See</u>, <u>e.g.</u>, <u>Calhoun</u>, 745 F.3d at 1074; <u>Wilson</u>, 689 F.3d at 336-37; <u>Bonser v. District Attorney</u>, No. 3:13-CV-1832, 2015 WL 2455164, at *3 (M.D. Pa. May 22, 2015).  Courts also have relied on the Supreme Court's direction in <u>Maleng</u> that reading the "in custody" requirement in a way that would permit a petitioner to seek habeas review at any time after the expiration of his or her entire sentence "would read the 'in custody' requirement out of the statute."  490 U.S. at 492 (denying habeas jurisdiction for prior convictions premised on state statutes that enhanced sentences for subsequent crimes because of the existence of prior convictions because permitting such petitions would allow petitions to be filed indefinitely at any time after the initial conviction).  <u>See</u>, <u>e.g.</u>, <u>Calhoun</u>, 745 F.3d at 1074; <u>Wilson</u>, 689 F.2d at 336.  Furthermore, courts have relied on the basis that a petitioner required to register as a sex offender is not subject to the same type of severe restraints on his or her liberty as the categories of petitioners who have been held can invoke habeas jurisdiction.  They have recognized that, unlike a parolee, for example, a registered sex offender "is free to live, work, travel, and engage in all legal activities without approval by a government official."  <u>Calhoun</u>, 745 F.3d at 1074; <u>see also</u> <u>Wilson</u>, 689 F.3d at 338; <u>Leslie</u>, 296 F.3d at 522.

Although the 2012 amendments to Pennsylvania's SORNA did make sex offenders' registration obligations considerably more burdensome, those changes do not change the reasoning underlying the courts' unanimous rulings that such statutes do not render a registrant

8

in custody for the purposes of habeas jurisdiction.  Burdensome as they may be, SORNA's

frequent, in-person registration requirements, like the similarly restrictive registration

requirements considered in Calhoun, Wilson, and Leslie, leave a registrant free to live, work,

travel, or engage in any legal activities without the approval of a government official.

Pennsylvania courts have uniformly held that the current SORNA registration requirements are

remedial and not punitive in nature.[4]  Commonwealth v. Woodruff, ___ A.3d ___, No. 632

MDA 2015, 2016 WL 730637, at *14 (Pa. Super. Ct. Feb. 23, 2016); Coppolino v. Noonan, 102

A.3d 1254, 1274 (Pa. Super. Ct. 2014), aff'd, 125 A.3d 1196 (Pa. 2015); Commonwealth v.

Perez, 97 A.3d 747, 758-59 (Pa. Super. Ct. 2014); see also Artway v. Attorney Gen., 81 F.3d

1235, 1264 (3d Cir. 1996) (noting with respect to Megan's Law that "[r]egistration is a common

and long standing regulatory technique with a remedial purpose"); 2011 Pa. Legis. Serv. 2011-

111 § 9791 (setting out legislative purpose of SORNA as promoting public safety).  A registrant

who is incarcerated for violating SORNA is not reincarcerated "under the conviction or sentence

under attack at the time his [or her habeas] petition is filed."  Maleng 490 U.S. at 491.  In other

---

[4]   Piasecki argues that SORNA is distinguishable from the statutes addressed in prior cases
because its sex-offender registration requirements were "triggered by his conviction under 18
[Pa. Cons. Stat.] § 6312(d) [(criminalizing sexual abuse of children)] **per** 42 [Pa. Cons. Stat.] §§
8799.13(2), 9799.14(b)(9) [(SORNA) and] was imposed on him by the judge at the time of
sentencing."  Reply at 3 (emphasis added).  However, Section 6312(d), the criminal statute under
which Piasecki was sentenced, does not itself impose any registration obligation.  Instead, those
obligations are imposed under a regulatory statute, SORNA, the purpose of which is to protect
the public from additional offenses committed by those who have committed sexual offenses
previously.  See 2011 Pa. Legis. Serv. 2011-111 § 9791.  The trial court judge did not **sentence**
Piasecki to comply with Pennsylvania's sex-offender registry; instead, she followed SORNA's
requirement that "[t]he sentencing court shall **inform** offenders and sexually violent predators at
the time of sentencing of the provisions of [SORNA]."  42 Pa. Cons. Stat. § 9795.3 (emphasis
added).  The fact SORNA requires a sentencing judge to give a convicted sex offender notice
that he or she must comply with the regulatory statute applicable to sex offenders does not mean
that the offender is sentenced to comply with the statute.

words, the registrant is not imprisoned under the sentence for his or her earlier criminal sex-offense conviction. Instead, if the registrant is reincarcerated, it is for having committed an entirely new crime by violating the sexual-offender registration statute. See Wilson, 689 F.3d at 336-37; Bonser, 2015 WL 2455164, at *3; see also Stanbridge, 791 F.3d at 719-21 (same analysis applied to civil commitment statute for certain criminal sex offenders).

Thus, as the Seventh Circuit explained in Stanbridge, the SORNA registration requirements, like the civil commitment statute there, do not provide a basis for habeas jurisdiction because they are collateral consequences and not direct consequences of the petitioner's conviction. 791 F.3d at 720-21. Moreover, to interpret Pennsylvania's SORNA as rendering a registrant in custody for habeas jurisdiction would have the same effect the Supreme Court held impermissible in Maleng; it "would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the 'in custody' requirement out of the statute . . . ." 490 U.S. at 492.

The Third Circuit has not had occasion to consider the argument that the 2012 amendment's increased registration requirements are sufficiently onerous that they render a registrant in custody for habeas purposes. Nevertheless, the conclusion that they do not is further supported by the fact that courts that have considered whether sex-offender registration statutes having registration requirements similarly as burdensome as those imposed by Pennsylvania's SORNA uniformly have held that the imposition of such requirements does not make a registrant eligible for habeas jurisdiction. See Wilson, 689 F.3d at 335, 336-38; Leslie, 296 F.3d at 521-23; see also Dickey v. Patton, No. 15-685-M, 2015 WL 8592709, at *2-5 (W.D. Okla. Sept. 28, 2015) (statute requiring quarterly registration by mail as well as re-registration whenever

10

offender changes information similar to that for which SORNA requires re-registration, see Okla. Stat. tit. 57, §§ 583-84); Godwin v. United States, No. 3:12-cr-1387-J-32TEM, 2014 WL 7074336, at *6 (M.D. Fla. Dec. 15, 2014) (statute requiring re-registration every third month and when offender changes information similar to that for which SORNA requires re-registration, see Fla. Stat. § 943.0435(2)(b), (14)(b)); Umbarger v. Michigan, No. 1:12-cv-705, 2013 WL 444024, at *1, *3-6 (W.D. Mich. Feb. 5, 2013) (statute requiring quarterly registration by mail as well as re-registration whenever offender changes information similar to that for which SORNA requires re-registration, see Mich. Comp. Laws §§ 28.725(5)(1), 28.725a(5a)(3)(c)); Rodriguez v. Attorney Gen., No. 3868(PGG)(JLC), 2011 WL 519591, at *3, *4-8 (S.D.N.Y. Feb. 15, 2011) (statute requiring re-registration every 90 days and when offender changes information similar to that for which SORNA requires re-registration, see N.Y. Correction Law § 168-f(3)-(4)).

Moreover, although they have not addressed the specific argument made by Piasecki in reliance on Barry,[5] a number of courts in the Third Circuit have rejected the argument that either SORNA, as amended in 2012, or other state statutes that impose similarly burdensome registration requirements, provide a basis for habeas jurisdiction. See, e.g., Bonser, 2015 WL 2455164, at *2-4 (SORNA); Mooney v. Moore, No. 11-CV-193, 2014 U.S. Dist. LEXIS 126017, at *6-8 (E.D. Pa. July 18, 2014) (SORNA), report and recommendation adopted, 2014 U.S. Dist. LEXIS 124799 (E.D. Pa. Sept. 8, 2014); In re Winn, No. 10-2010, 2012 WL 2362444, at *1 (E.D. Pa. June 21, 2012) (SORNA); see also Jones v. Attorney Gen., No. 14-1396-RGA, 2015 WL 7295439, at *2 (D. Del. Nov. 18, 2015) (addressing similar requirements of Del. Code Ann.

---

[5]    It is notable that, although Barry was decided in 1997, Piasecki has not cited, and the Court has not found, any decision applying Barry to a claim of habeas jurisdiction based on a petitioner being subject to sex-offender registration.

tit. 11, § 4120(d)(2), (g)(1)); <u>Coar v. Coronato</u>, No. 15-6546 (SDW), 2015 WL 5334863, at *2

(D.N.J. Sept. 14, 2015) (addressing similar requirements of N.J. Stat. Ann. § 2C:7-2c,

 -2e.

## III.   CONCLUSION

For the foregoing reasons, I find that Piasecki is not "in custody" for jurisdictional

purposes under the habeas statute and consequently, this Court lacks jurisdiction to hear his

petition.  I recommend that Piasecki's petition be denied in its entirety.[6]  Accordingly, I make the

following:

### RECOMMENDATION

AND NOW, this 21st day of April, 2016, IT IS RESPECTFULLY RECOMMENDED

that the petition for writ of habeas corpus be DENIED and DISMISSED.  There has been no

substantial showing of the denial of a constitutional right requiring the issuance of a certificate of

appealability.  The Petitioner may file objections to this Report and Recommendation.  <u>See</u> Local

Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE

---

[6]   In his petition, Piasecki requests an evidentiary hearing.  Reply at 15.  However, in light of my recommendation that the case be dismissed, Piasecki's request for an evidentiary hearing is denied.  <u>See</u> <u>Goldblum v. Klem</u>, 510 F.3d 204, 221 (3d Cir. 2007) (citing <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (1993)).