# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON PIASECKI, | : | |
|     Petitioner, | | |
| v. | : | **CIVIL ACTION NO.** |
| COURT OF COMMON PLEAS, | : | 2:14-CV-7004-LDD-MH |
| BUCKS COUNTY, PA, et al., | | |
|     Respondents. | : | |

### PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION
### _____OF UNITED STATES MAGISTRATE JUDGE_____

Jason Piasecki has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Piasecki is a mentally disabled young adult (32 at the time of the alleged offenses) who lives with his adoptive parents. He has the IQ of an elementary school child; he is also severely autistic. Mr. Piaskeci was convicted in the Bucks County Court of Common Pleas of knowingly possessing or controlling, on April 1, 2009, some 15 short videos of child pornography, all in the form of unsaved "preview" files (out of thousands of sexually explicit images saved on his home computer), in violation of 18 Pa.Cons.Stat. § 6312(d). The only evidence that this conduct was "knowing" consists of oral statements he purportedly made to a police officer who came to the family home to execute a search warrant. The trial court dismissed more serious charges (under 18 Pa.Cons.Stat. § 6312(c)) when the Commonwealth rested its case, but convicted him of possession after a non-jury trial. The court placed Mr. Piasecki on three years' probation, which he completed. But he is now subject to as much as a lifetime of onerous SORNA registration requirements which restrict his physical liberty.

The Magistrate Judge has submitted a 12-page Report and Recommendation, dated April 21, 2016, filed, entered and served that day. The Report concludes that

the petitioner is not in "custody" and that this Court therefore lacks jurisdiction to exercise its habeas corpus authority to review the sufficiency of the evidence or the admissibility of the incriminating statements, because Mr. Piasecki's formal term of probation expired before he filed his habeas corpus petition in this Court.[1] The Magistrate Judge accordingly recommends that the petition be dismissed. The Report and Recommendation further suggests that no certificate of appealability issue. This Court should not adopt the Recommendation or the supporting Report.

Pursuant to 28 U.S.C. § 636(b)(1)(C), Local Civil Rule 72.1(IV)(b), and Fed.R. Gov . §2254 Cas. 8(b), Mr. Piasecki objects to the Magistrate's Judge's Report and Recommendation ("R&R") in the following specific respects.[2]  He requests de novo consideration.  See Coolspring Stone Supply v. American States Life Ins. Co., 10 F.3d 144, 147 (3d Cir. 1993); Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.), cert. denied, 484 U.S. 837 (1987).

### FINDINGS AND CONCLUSIONS TO WHICH PETITIONER OBJECTS

1.  Petitioner objects to the Magistrate Judge's determination that he is not "in custody" as a matter of law.  The restrictions that SORNA registration places on his physical liberty are sufficient to establish "custody" under  Barry v. Bergen County Probation Dept., 128 F.3d 152, 159-162 (3d Cir. 1997). See generally Lackawanna County District Attorney v. Coss, 532 U.S. 394, 406 (2001) (plurality; acknowledging exceptions to rule that "custody" must arise directly from challenged conviction) ; Maleng v. Cook, 490 U.S. 488, 494 (1989) (per

---

[1] The Report & Recommendation acknowledges that the petition was timely within the statute of limitations. Moreover, Mr. Piasecki has exhausted his state court remedies and did not procedurally default the federal constitutional issues that he seeks to present on the merits.

[2] These objections are timely filed electronically on or before Monday, May 9, 2016. The time to file objections to a Magistrate Judge's Report runs from the date of

curiam). Petitioner requested an evidentiary hearing for the purpose of making a record of the nature and extent of these restrictions on his liberty. Doc. 14 (Traverse), at 4. Petitioner therefore objects to the Magistrate Judge's denial of an evidentiary hearing (R&R, at 12 n.6), because the stated reason that a hearing should be denied ("in light of my recommendation that the case be dismissed") illogically places the cart before the horse.[3]

    2.  Petitioner objects to the Magistrate Judge's conclusion that a restriction on a convicted defendant's liberty cannot place him in "custody" for habeas purposes, as a matter of law, unless it is a "direct" and not a "collateral" consequence of his conviction. R&R, at 5-10. The Supreme Court dissolved that strict and formalistic distinction in <u>Padilla v. Kentucky</u>, 559 U.S. 356, 364-65 (2010), as applied to analysis of an ineffective assistance of counsel claim, in favor of a case by case approach. Here, the state's SORNA law places the onerous registration obligation on Mr. Piasecki as a direct and inexorable result of his conviction(s) and nothing else, and the record shows that the registration obligation was even pronounced by the judge at sentencing as part of the sentence. Doc. 14 (Trav.), at 2 (<u>quoting</u> Sent.Tr. (4/26/2010), at 13-14).

    3.  Petitioner objects to the Magistrate Judge's finding that the "trial judge did not **sentence** Piasecki to comply with Pennsylvania's sex-offender registry;

(continued)

service, which in this case was April 21. Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)-(1)(C).  Because service was electronic, three additional days are added. Fed.R.Civ.P. 6(d). Accordingly, the "fourteenth" day is Sunday, May 8, making the due date Monday, May 9. Rule 6(a)(1)(C). See <u>Radich v. Goode</u>, 886 F.2d 1391, 1400 n.1 (3d Cir. 1989) (Hutchinson, J., concurring); <u>Tushner v. U.S.D.Ct. for C.D.Cal.</u>, 829 F.2d 853 (9th Cir. 1987) (Kennedy, J.).

[3] The cases cited by the Magistrate Judge, such as <u>Goldblum v. Klem</u>, 510 F.3d 204, 221 (3d Cir. 2007), concern the discretion of the federal court to deny a hearing to develop the merits of a claim for which an adequate basis already exists in the state court record. That principle has no application to the request for a hearing that petitioner made in this case.

instead, she followed SORNA's requirement that '[t]he sentencing court shall **inform** offenders and sexually violent predators at the time of sentencing of the provisions of [SORNA].' 42 Pa.Cons.Stat. § 9795.3." R&R, at 9 n.4 (bold emphasis original to R&R). Whatever the state statute may say, the record of sentencing shows that in this case the judge stated, "The conditions of his [probationary] sentence are ... that he be subject to ten-year registration ...." Doc. 14 (Trav.), at 2. A condition of probation is part of the sentence. See United States v. Goodson, 544 F.3d 529, 537-38 (3d Cir. 2008). Indeed, the Third Circuit has recognized that an obligation imposed at sentencing is part of a defendant's sentence even if it serves, in part, remedial rather than punitive purposes and even though the obligation to impose that sanction is not set forth in the law defining the offense. See United States v. Perez, 514 F.3d 296 (3d Cir. 2007) (restitution).

    4.  Petitioner objects to the Magistrate Judge's suggestion that SORNA registration is no more a form of custody than is the possibility that a past conviction may result in recidivist enhancements if the defendant commits another crime in the future. See R&R, at 8 (citing Maleng v. Cook, 490 U.S. 488 (1989)). There is no equivalency whatsoever, nor even any analogy, between a theoretical possible future detriment (which cannot come to pass unless the defendant commits another crime) and the concrete restrictions on present liberty created by SORNA registration, as unavoidably triggered by the conviction itself.

    5.  Petitioner objects to the Magistrate Judge's erroneous citation of Coppolino v. Comm'r (Noonan), 102 A.3d 1254 (Pa.Commw. 2014) (en banc), aff'd, 125 A.3d 1196 (Pa. 2015) (per curiam), as if it stood for the proposition that "the current SORNA registration requirements are remedial and not punitive in nature." R&R, at 9. In fact, in Coppolino, the state supreme court affirmed the

Commonwealth Court's <u>en banc</u> determination[4] that some of the registration requirements imposed by SORNA, over and above those imposed by the prior Megan's Law, were indeed punitive, and on that basis held them unconstitutional under the state and federal Constitutions' Ex Post Facto Clauses. 102 A.3d at 1277-78.

## Appealability

6.  Petitioner objects to the Magistrate Judge's Recommendation insofar as it recommends, without explanation, that this Court deny petitioner a certificate of appealability if relief is not otherwise granted. Even if this Court were to adopt the recommendation of dismissal, it should grant a COA.[5] The habeas corpus petition and supporting memorandum <u>allege</u> several substantial constitutional violations (<u>see</u> Doc. 1, at 3-4; Doc. 14, at 5-15), and reasonable jurists could at the very least differ with the analysis and conclusion of the Report that petitioner is not "in custody" by virtue of the onerous SORNA registration rules, as ell as with the Report's conclusion that this question can be determined without even allowing a hearing at which petitioner can make a record to describe those restrictions. <u>Slack v. McDaniel</u>, 529 U.S. 473, 478 (2000). The report itself repeatedly acknowledges that there is no controlling precedent adverse to petitioner's position on the "custody" question.

The question as to whether to issue a COA is only whether the issue is debatable, not even whether there is a reasonable chance that it will prevail.  See <u>Slack v. McDaniel</u>, 529 U.S. at 478. The Supreme Court has elucidated the

---

[4] The Report mis-cites the case as originating in the state's Superior Court, but that is not important to the point petitioner is making about its holding.

[5] If a certificate is granted, the Court must, under 28 U.S.C. § 2253(c)(3), "indicate which specific issue or issues satisfy the showing required by" <u>id.</u> § 2253(c)(2).

meaning of "debatable" in this context, holding that a "claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). Petitioner is therefore entitled at the very least to the issuance of a certificate of appealability on all the issues presented in his habeas corpus petition.

## CONCLUSION

These objections should be sustained. The case should be remanded to Magistrate Judge Heffley with directions to conduct an evidentiary hearing to elucidate the nature and impact of petitioner's obligations under SORNA as a result of his challenged convictions. Should the Court nevertheless adopt the recommendation and dismiss the petition, it should at least grant a certificate of appealability.

Respectfully submitted,

Dated: May 3, 2016

By: *s/Peter Goldberger*
PETER GOLDBERGER
 Atty. ID No. 22364
50 Rittenhouse Place
Ardmore, PA  19003-2276
 (610) 649-8200
Counsel for Petitioner

CERTIFICATE OF SERVICE

On May 3, 2016, I served a copy of the foregoing document through this Court's ECF system on the attorney for the respondents, and a copy on the assigned United States Magistrate Judge, pursuant to LCR 72.1(IV)(b), addressed as follows:

| | |
|---|---|
| Karen A. Diaz, Esq.<br>Deputy District Attorney<br> & Chief of Legal Division<br>Bucks Cty. Justice Center<br>100 No. Main Street, 2d Fl.<br>Doylestown, PA  18901 | Hon. Marilyn Heffley<br>United States Magistrate Judge<br>4001 U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA  19106 |

            __s/Peter Goldberger_____