IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON PIASECKI, | : | CASE NO. 14-CV-7004 |
|     PETITIONER | : | |
| | : | |
| v. | : | |
| | : | |
| COURT OF COMMON PLEAS OF | : | |
|   BUCKS COUNTY, ET AL., | : | (CIVIL ACTION) |
|     RESPONDENTS | : | |

### RESPONSE TO PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION

**TO THE HONORABLE LEGROME D. DAVIS, UNITED STATES DISTRICT COURT JUDGE:**

On or about December 4, 2014, Petitioner filed a Petition for Writ of Habeas Corpus in this Honorable Court challenging his 2010 Bucks County conviction for fifteen (15) counts of Sexual Abuse of Children – Possession of Child Pornography, 18 Pa. C.S. §6312(d)(1).

On April 21, 2016, the Honorable Marilyn Heffley, United States Magistrate Judge, filed the Report and Recommendation that the petition in this case be denied and dismissed for lack of jurisdiction. At the time that Petitioner filed the instant habeas corpus action challenging his conviction in Bucks County Case No. CP-09-CR-0005364, he had already completed his sentence in full, and, thus, was no longer in "custody" for purposes of habeas corpus review.

On May 3, 2016, Petitioner filed objections to the Report and Recommendation, challenging Judge Heffley's determination that he is no longer in custody.

1

Respectfully, Petitioner's objections should be overruled as he has failed to set forth any valid or convincing reason as to why the <u>Report and Recommendation</u> of Judge Heffley should not be adopted and approved. Moreover, a review of the <u>Report and Recommendation</u> reflects that there is no clear or plain error in the Magistrate Judge's findings and recommendation.  *See* <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

Nonetheless, Petitioner maintains, as he did in his <u>Traverse and Reply</u> in support of his habeas corpus petition, that he meets the "in custody" requirements due to the "onerous" registration requirements of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) to which he is subject. In his Objections, No. 1, 4, & 5, he objects to Judge Heffley's findings and conclusions to the contrary.  *See* <u>Petitioner's Objections</u>, pp. 2, 4-5.  Petitioner also objects to Judge Heffley's denial of an evidentiary hearing "to mak[e] a record of the nature and extent of these restrictions on his liberty." <u>Petitioner's Objections</u>, pp. 3, 6.

However, Petitioner's complaints here are without merit.  As reflected in the <u>Report and Recommendation</u>, the Magistrate Judge thoroughly addressed the "in custody" requirement and Petitioner's arguments concerning same.[1]  The Judge's determination that the SORNA requirements to which Petitioner is subjected did not constitute "custody" was supported by her detailed and comprehensive review of the decisions of various courts which "unanimously" concluded that the "in custody" requirement was not met for defendants similarly situated to Petitioner.  *See* <u>Report and</u>

---

[1] Despite Petitioner's complaint of Judge Heffley citing the case of <u>Coppolino v. Noonan</u>, 102 A.3d 1254 (Pa. Commonwealth Court 2014), the Pennsylvania Commonwealth Court found only one of the SORNA registration requirements unconstitutional: that of 42 Pa. C.S. §9799.15(g), which required the person to register temporary lodging, change in cell phone number, and information concerning vehicles owned or operated, in person and within 3 business days. *Id*. at 1277-1279.  The Commonwealth Court, in fact, found that the quarterly verification requirement, of which Petitioner complains, was non-punitive, imposed "no affirmative disability or restraint," and "is rationally connected to the purpose of public safety." *Id*. at 1274.

Recommendation, pp. 4-8.  Judge Heffley properly concluded that, "[a]lthough the 2012 amendments to Pennsylvania's SORNA did make sex offenders' registration obligations considerably more burdensome, those changes do not change the reasoning underlying the courts' unanimous rulings that such statutes do not render a registrant in custody for the purposes of habeas jurisdiction."  Report and Recommendation, pp. 8-9.

Further, no evidentiary hearing is required to determine whether he is actually "in custody."  Petitioner had already conceded that his probation sentence for his criminal conviction expired, and the SORNA requirements which Petitioner must meet are clearly set forth in the statute.  In addition, there is nothing unique about Petitioner's circumstances that warrant an evidentiary hearing.[2]  Petitioner has failed to set forth sufficient reasons to entitlement to same.  *See* 28 U.S.C. §2254(e)(2)(A) & (B).

In his second objection, Petitioner specifically objects to Judge Heffley's finding that SORNA is a collateral and not a direct consequence of his criminal conviction.  In support, Petitioner cites only to the case of Padilla v. Kentucky, 559 U.S. 356 (2010), wherein the United States Supreme Court held that a criminal defense attorney had an obligation to inform a defendant that the offense to which he was pleading guilty will result in deportation.  Padilla, however, is wholly inapplicable here.  It was limited to the "unique nature of deportation" and to an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984).  *Id*. at 365.  The Padilla case did not address the "in custody" requirement in a habeas corpus action, and does not support Petitioner claim that he was "in custody" at the time he filed his habeas petition.  *Cf.*

---

[2] While there was some testimony by Petitioner's mother before the trial court as to Petitioner's learning disabilities and cognitive functioning, there is nothing of record to support Petitioner's bald averments that he is "mentally disabled," "has an IQ of an elementary school child" and is "severely autistic."  *See* Traverse/Reply, p. 1; Petitioner's Objections, p. 1.

3

Llovera-Linares v. Florida, 559 Fed. App'x 949, 952 (11th Cir. 2014) (petitioner in federal immigration detention awaiting deportation was not "in custody" under the requirements of 28 U.S.C. §2254(a)).  Petitioner does not address and/or ignores the authority cited by the Magistrate Judge in concluding that the SORNA requirements were a collateral, not a direct, consequence of his conviction.  *See* Report and Recommendation, pp.7-8.  Moreover, Petitioner acknowledged before the Pennsylvania Superior Court that that the requirements of SORNA were a collateral consequence to his conviction, when he nonetheless, requested that the Superior Court address his PCRA claims on their merits.  *See* Brief for Appellant, PCRA Appeal, No. 1482 EDA 2013.

      In his third objection, Petitioner objects to Judge Heffley's finding that the trial court did not "sentence" him to the SORNA requirements.  However, a reading of the record at sentencing does not support Petitioner's claim that the SORNA requirements were imposed as part of his sentence, but rather were a notification of the statutory requirements mandated as a consequence of his conviction.  *See generally* N.T., Sentencing, 4/26/10.  In any event, had the trial court actually imposed the SORNA requirements as a "condition" of sentence, the requirements would be unenforceable as a condition of sentence once the sentence expired, as it did in April 2013.  Further, the cases of United States v. Goodson, 544 F.3d 529 (3d Cir. 2008) and United States v. Perez, 514 F.3d 296 (3d Cir. 2007), cited by Petitioner in support of his objection here, do not support his claim that he "in custody."  They do not involve or address the "in custody" requirement in a state prisoner's habeas action, but rather deal with an attempt by the defendant to challenge the conditions of his sentence following a waiver of appeal pursuant to their plea agreements.

Finally, Petitioner requests that this Honorable Court issue a certificate of appealability should it find that it lacks jurisdiction as Petitioner cannot meet the custody requirements for habeas review.  For a certificate of appealability to issue, Petitioner is required to demonstrate a credible showing that the procedural ruling was incorrect <u>and</u> a substantive showing that the underlying habeas corpus petition established a deprivation of his constitutional rights.  <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000); <u>Morris v. Horn</u>, 187 F.3d 333 (3d Cir. 1999).  However, Petitioner has failed to meet his burden.  As set forth above and by the thorough discussion by the Magistrate Judge in the <u>Report and Recommendation</u>, Petitioner has not and cannot establish that jurists of reason would find it debatable that he is not in custody for purposes of habeas review.  In addition, as set forth in the Commonwealth's <u>Answer in Opposition to Petition for Habeas Corpus Relief</u>, filed 3/9/15, Petitioner failed to establish a valid claim of the denial of a constitutional right.

WHEREFORE, the Commonwealth/Respondent respectfully requests that Petitioner's objections be overruled, that the <u>Report and Recommendation</u> be approved and adopted, and that Petitioner's request for habeas corpus relief be denied and dismissed with prejudice.

Respectfully submitted,

/s/ Karen A. Diaz

kad9038
_____

Karen A. Diaz, Esquire
Deputy District Attorney

5

## **CERTIFICATE OF SERVICE**

I, Karen A. Diaz, Esquire, Deputy District Attorney of Bucks County, do hereby swear and affirm that on the 17th day of March, 2016, a true and correct copy of Respondent's Answer is served upon the following in the manner indicated:

**VIA ELECTRONIC FILING:**

Clerk of the District Court
United States District Court
  for the Eastern District of Pennsylvania
2609 United States Courthouse
601 Market Street
Philadelphia, PA  19106

**VIA FIRST CLASS MAIL:**

The Honorable Legrome D. Davis
U.S. District Court Judge
United States District Court
  for the Eastern District of Pennsylvania
6614 United States Courthouse
601 Market Street
Philadelphia, PA  19106

Peter Goldberger, Esquire
50 Rittenhouse Place
Ardmore, PA 19003-2276

                              Respectfully submitted,

                              /s/ Karen A. Diaz

                              kad9038
                              _____
                              Karen A. Diaz, Deputy District Attorney
                              Attorney for the Commonwealth/Respondent
                              Attorney #56067
                              Office of the District Attorney
                              Bucks County Justice Center – 2nd Floor
                              100 N. Main Street
                              Doylestown, PA18901
                              (215) 348-6331