# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON PIASECKI, | : | |
|     Petitioner, | | |
| v. | : | **CIVIL ACTION NO.** |
| COURT OF COMMON PLEAS, BUCKS COUNTY, PA, et al., | : | 2:14-CV-7004-LDD-MH |
|     Respondents. | : | |

PETITIONER'S SUPPLEMENTAL OBJECTIONS TO REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

    On May 3, 2016, petitioner Jason Piasecki filed timely objections to the April 21, 2016, Report and Recommendation of Magistrate Judge Heffley. The Report recommends that Mr. Piaskecki's habeas corpus petition be dismissed without a hearing, on the basis that he was not "in custody" under his convictions at the time that the petition was filed, apparently as a matter of law. His objections principally seek a hearing in order to make a record about the nature and characteristics of the SORNA registration that results from his challenged convictions. He contends that these factual characteristics turn that that registration into a form of "custody." He now submits this Supplement to his objections to call the Court's attention to recent, pertinent authority.

    On August 15, 2016, the Supreme Court of Pennsylvania filed opinions in a pair of cases holding that lifetime Megan's Law or SORNA registration is not mandated by the provisions referring to persons with "two or more convictions" of an offense otherwise calling for a shorter period of registration, unless the second or subsequent offense was committed after a conviction has been sustained for a prior act in violation of a covered statute. A.S. v. Pennsylvania State Police, -- A.3d --, 2016 WL 4273568 (Pa. 2016) (Megan's Law II); Commonwealth v. Lutz-Morrison,

-- A.3d --, 2016 WL 4273555 (Pa. 2016) (SORNA), explaining 42 Pa.Cons.Stat. § 9795.1(b)(1) (Megan's Law); id. §§ 9599.13(d)(16), 9599.15(a)(3) (SORNA). Under this interpretation, which is authoritative and binding, petitioner's period of registration will be reduced from life to ten years (starting from April 26, 2010, when he was placed on probation), if the nature of the registration is deemed punitive for Ex Post Facto purposes. At worst, instead of life it will be 15 years (under the later-enacted [2012] SORNA, §§ 9799.14(b)(9), 9799.15(a)(1)). Concomitantly, the frequency of in-person reporting (§ 9799.15(g)) will be reduced on this basis (from quarterly to annual, § 9799.15(e)).  However, the fact of that liberty-infringing requirement will remain unchanged, along with the burdensome and punitive characteristics of that obligation, as well as all of the other onerous aspects of registration that affect his freedom of movement (thus placing him "in custody"). It is these details that petitioner has sought to establish at an evidentiary hearing.

In that same connection, petitioner would call this Court's further attention to the recent decision of the United States Court of Appeals for the Sixth Circuit in John Does #1-5 v. Snyder, -- F.3d --, 2016 WL 4473231 (6th Cir., Aug. 25, 2016). After a thorough analysis of the factors identified by the Supreme Court as pertinent in Smith v. Doe, 538 U.S. 84 (2003), the Court of Appeals held Michigan's version of SORNA (apparently quite similar to Pennsylvania's) to inflict "punishment" for Ex Post Facto purposes.  For the same reasons explicated there, SORNA registration also places petitioner Piasecki "in custody" for purposes of this Court's habeas corpus jurisdiction.

## CONCLUSION

For the reasons originally stated, as supplemented here, the petitioner's objections should be sustained.  The case should be remanded to Magistrate Judge

Heffley with directions to conduct an evidentiary hearing to elucidate the nature and impact of petitioner's obligations under SORNA as a result of his challenged convictions. Should the Court nevertheless adopt the recommendation and dismiss the petition, it should at least grant a certificate of appealability.

Respectfully submitted,

Dated:  September 4, 2016        *s/Peter Goldberger*
                        By:    PETER GOLDBERGER
                                      Atty. ID No. 22364
                                   50 Rittenhouse Place
                                   Ardmore, PA  19003-2276
                                      (610) 649-8200
                                   <u>Counsel for Petitioner</u>

## CERTIFICATE OF SERVICE

On September 4, 2016, I served a copy of the foregoing document through this Court's ECF system on the attorney for the respondents, and a copy on the assigned United States Magistrate Judge, pursuant to LCR 72.1(IV)(b), addressed as follows:

| | |
|---|---|
| Karen A. Diaz, Esq.<br>Deputy District Attorney<br> & Chief of Legal Division<br>Bucks Cty. Justice Center<br>100 No. Main Street, 2d Fl.<br>Doylestown, PA  18901 | Hon. Marilyn Heffley<br>United States Magistrate Judge<br>4001 U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA  19106 |

                                                         __s/Peter Goldberger_____