IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON PIASECKI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COURT OF COMMON PLEAS, BUCKS COUNTY, PA, et al. | : | NO. 14-7004 |
| | : | |

O R D E R

   AND NOW, this 26th day of October 2016, upon consideration of Jason Piasecki's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1), Response in Opposition to Petition for Habeas Corpus Relief of the District Attorney of Bucks County (Doc. No. 6), Petitioner's Memorandum in Reply/Traverse to Response (Doc. No 14), Magistrate Judge Marilyn Heffley's Report and Recommendation (Doc. No. 15), Petitioner's Objections to Report and Recommendation (Doc. No. 17), the District Attorney of Buck County's Response to Petitioner's Objections to Report and Recommendation (Doc. No. 19), Petitioner's Supplemental Objections to Report and Recommendations (Doc. No. 20), and an independent review of the record before the Court, it is hereby ORDERED as follows:

  1. Petitioner's objections to the Report and Recommendation (Doc. No. 17) and Petitioner's Supplemental Objections to Report and Recommendations (Doc. No. 20) are OVERRULED.

    We adopt the Report and Recommendation ("R&R") by Magistrate Judge Heffley, and write separately only to address Plaintiff's objections to the R&R. When reviewing a R&R to which a party has objected, a court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Plaintiff raises six objections to the R&R; we shall address each in turn.

    First, Piasecki argues the Magistrate Judge erred in denying an evidentiary hearing and depriving him of the opportunity to make a record of the nature and extent of restrictions on his liberty that rendered him "in custody" for purposes of federal habeas jurisdiction. Whether to hold a hearing remains in the discretion of the district court, and depends on whether the hearing "would have the potential to advance the petitioner's claim." Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000). Where a petitioner fails to forecast to the district court evidence outside the record that would help his cause or "otherwise to explain how his claim would be advanced by an evidentiary hearing," a court is within its discretion to deny the claim. Id. (internal quotations omitted). Piasecki has failed to do so. Therefore, the Magistrate Judge's denial of an evidentiary hearing was proper.

1

Second, Piasecki objects to the Magistrate Judge's assertion that a collateral—rather than direct—consequence of a defendant's conviction does not render a defendant "in custody" for purposes of a habeas challenge, as required by the federal habeas statute, 28 U.S.C. § 2241(c)(3). Piasecki relies on Padilla v. Kentucky, 559 U.S. 356, 365 (2010), but his reliance is misplaced. In Padilla, the Supreme Court considered collateral consequences in a distinct context, that is, whether a defendant may bring an ineffective assistance of counsel claim on the ground that his attorney failed to inform him of the risk of deportation prior to his entering a guilty plea, a matter that some courts had deemed collateral to the conviction. Id. Although the Supreme Court noted "the collateral versus direct distinction is . . . ill suited to evaluating a Strickland claim[,]" this criticism applies to the scope of constitutionally reasonable professional assistance required under Strickland v. Washington, 446 U.S. 668 (1984). Id. at 366.

As germane to the issue at hand, the Supreme Court has made clear that "[w]e have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 491 (1989)(emphasis original). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it." Id. at 492. Here, Petitioner's sentence consisted of a term of probation of 36 months, which expired on April 26, 2013. Def. Mot. Ex. A, at 12-15 (Doc. No. 6-1). He did not file this petition until December 2014. Pet. for Writ of Habeas Corpus (Doc. No. 1). Every federal court that has considered the issue has concluded that the burdens and requirements of sex offender registration laws, akin to or more onerous than those of the Pennsylvania statute, are merely collateral consequences of a conviction and they do not cause a registered sex offender to be "in custody" for purposes of § 2254(a). See, e.g., Bonser v. Dist. Attorney Monroe Cty., No. 15-2544, 2016 WL 4271872, at *2 (3d Cir. Aug. 15, 2016); Wilson v. Flaherty, 689 F.3d 332, 337 (4th Cir. 2012); Virsnieks v. Smith, 521 F.3d 707, 720 (7th Cir. 2008); Leslie v. Randle, 296 F.3d 518, 521–23 (6th Cir. 2002); Henry v. Lungren, 164 F.3d 1240, 1241–42 (9th Cir. 1999).

Third, Piasecki objects to the Magistrate Judge's finding that the state court judge did not sentence Piasecki to comply with Pennsylvania's sex-offender registry, citing to the state judge's statement at sentencing that Piasecki is "subject to ten-year registration[.]" Piasecki was sentenced pursuant to 18 Pa. Cons. Stat. § 6312(d), rather than Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 18 Pa. Cons. Stat. § 9799. In addition, the registration requirement was not included in the court's judgement. See Stanbridge v. Scott, 791 F.3d 715, 719 (7th Cir. 2015). The triggering fact for the duty to register is a sex offense conviction, not the sentence. See 18 Pa. Cons. Stat. § 9799.13. Under Pennsylvania law, the sentencing court must "inform the individual required to register of the individual's duties[.]" Id. at § 9799. That the judge informed Piasecki of the statutory registration requirement, however, does not render the

registration requirement a condition of Piasecki's sentence. Therefore, Piasecki's objection is overruled.

Fourth, Piasecki criticizes the Magistrate Judge's application of Maleng v. Cook, 490 U.S. 488 (1989), in concluding that the registration requirement does not create a concrete restriction on present liberty. Maleng is on point: the case called on the Supreme Court to consider whether a habeas petitioner remains "in custody" after the sentence imposed for the conviction has fully expired. See, e.g., Governement of Virgin Islands v. Vanterpool, 767 F.3d 157, 164 (3d Cir. 2014) (applying Maleng in analyzing whether a petitioner remains "in custody" where the petitioner was never incarcerated and had completed probation). Piasecki misconstrues the Magistrate Judge's analysis as reasoning that registration was no more a form of custody than "the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." Maleng, 490 U.S. at 492. Rather, the Magistrate Judge simply heeded the Supreme Court's direction that courts should not read the "in custody" requirement as to render it superfluous. Therefore, Piasecki's objection is overruled.

Fifth, Piasecki objects to the Magistrate Judge's citation to Coppolino v. Noonan, 102 A.3d 1254 (Pa. Commw. Ct. 2014), for the assertion that SORNA's registration requirements are remedial rather than punitive. Although in Coppolino a Pennsylvania Commonwealth Court concluded that a SORNA requirement that offenders update information in person on a quarterly basis was punitive, id. at 1278, Pennsylvania Superior Courts that subsequently considered Coppolino have concluded that the requirements are remedial. See, e.g., Commonwealth v. Woodruff, 135 A.3d 1045, 1061 (Pa. Super. 2016); Commonwealth v. Shrawder, 2015 WL 7354634, at *6 (Pa. Super. Ct. Nov. 20, 2015); Commonwealth v. Whitehead, 2015 WL 7282864, at *4 (Pa. Super. Ct. May 11, 2015); Commonwealth v. Giannantonio, 114 A.3d 429, 438 (Pa. Super. Ct. 2015). In addition, other than Coppolino, the Magistrate Judge has cited ample support for the conclusion that SORNA's registration requirements are remedial rather than punitive. Therefore, Piasecki's objection is overruled.

Finally, Piasecki objects to the Magistrate Judge's denial of a certification of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Piasecki has made no such showing. Therefore, this Court concludes that jurists of reason would not find it debatable whether dismissal of the petition is correct, and the Magistrate Judge properly denied the certificate of appealability.

2. The Report and Recommendation (Doc. No. 15) is APPROVED and ADOPTED.

3. The petition for a writ of habeas corpus (Doc. No. 1) is DISMISSED without an evidentiary hearing. See Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000).

4. No certificate of appealability shall issue because reasonable jurists would not debate the correctness of this Court's ruling and Petitioner has failed to make a substantial showing of the denial of a constitutional right. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

5. The Clerk of Court is directed to close this matter for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.