IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JASON PIASECKI,

                Petitioner,

    v.

COURT OF COMMON PLEAS OF BUCKS
COUNTY, PENNSYLVANIA, et al.,

                Respondents.

CIVIL ACTION
NO. 14-7004

**OPINION**

**Slomsky, J.**　　　　　　　　　　　　　　　　　　　　　　　　**March 23, 2021**

**I.**　　　**INTRODUCTION**

Before the Court is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Habeas Petition") (Doc. No. 1) filed by Petitioner Jason Piasecki ("Petitioner").[1]  On July 27, 2020, United States Magistrate Judge Marilyn Heffley issued a Report and Recommendation ("R&R") (Doc. No. 34), recommending that the Habeas Petition be denied and that a certificate of appealability should not be issued because Petitioner's claims lack merit.  (See id. at 24-25.)  On August 10, 2020, Petitioner filed Objections to the R&R ("Objections").  (See Doc. No. 35.)  For the reasons discussed infra, the Court will approve and adopt the R&R (Doc. No. 34), deny the Petition (Doc. No. 1), and will not issue a certificate of appealability.[2]

---

[1]  Petitioner was sentenced to a term of probation which has since ended.  (See Doc. No. 34 at 1.)

[2]  For purposes of this Opinion, the Court has considered the Petition for a Writ of Habeas Corpus (Doc. No. 1), the Response in Opposition to the Petition (Doc. No. 6), the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (Doc. No. 34), Petitioner's Objections to the Report and Recommendation (Doc. No. 35), and the pertinent state court record (Doc. Nos. 6-1; 6-2).

## II.    BACKGROUND

The facts of Petitioner's case and his Habeas Petition are as follows:

On January 14, 2010, following a bench trial in the Bucks County Court of Common Pleas, [Petitioner] was convicted of 15 counts of sexual abuse of children—possession of child pornography pursuant to 18 Pa. Cons. Stat. § 6312(d)(1).[3]  On April 26, 2010, [Petitioner] was sentenced to three years of probation. [Petitioner] was originally subject to the registration requirements under Megan's Law, 42 Pa. Cons. Stat. § 9795.1(a), but is currently subject to the requirements under the Sex Offender Registration and Notification Act, ("SORNA"), id. §§ 9799.14, 9799.15.

[Petitioner] filed a notice of appeal on May 21, 2010.  On direct appeal, [he] argued that the trial court erred in failing to suppress a statement as involuntary and as a result of custodial interrogation; that his due process rights were violated by the mishandling of computer evidence, resulting in the destruction of favorable information; and the evidence was insufficient to prove the element of knowing and intentional possession of contraband items.  The Pennsylvania Superior Court affirmed his judgment of sentence on July 25, 2011.  [Petitioner] filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on January 6, 2012.

On December 19, 2012, [Petitioner] filed a counseled petition for post-conviction relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546.  The PCRA court held hearings on the petition on April 4 and April 16, 2013.  On April 24, 2013, at the conclusion of the hearings, the PCRA court denied [Petitioner's] petition on the merits.  [Petitioner] filed a notice of appeal with the Pennsylvania Superior Court on May 21, 2013.  On July 1, 2013, the PCRA court filed an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) in response to [Petitioner's] appeal.[4]  The PCRA court did not address the merits of [Petitioner's] claims in the opinion, but instead suggested to the Superior Court that [Petitioner] no longer was eligible for PCRA review due to the expiration of his term of probation on April 26, 2013.  On February 21, 2014, the Superior Court agreed that [Petitioner] was ineligible for PCRA relief under the terms of 42 Pa. Cons. Stat. § 9543(a)(1)(i) and dismissed his appeal.  The Pennsylvania Supreme Court denied [Petitioner's] petition for allowance of appeal on August 19, 2014.

---

[3]  Magistrate Judge Heffley noted in her Report and Recommendation that references to 18 Pa. Cons. Stat. § 6312(d)(1) refer to the statute's version in effect at the time of Petitioner's conviction.  (See Doc. No. 34 at 1 n.1.)

[4]  In the Report and Recommendation, the Magistrate Judge stated, "[u]nder Pennsylvania appellate procedure 'the judge who entered the order giving rise to the notice of appeal . . . shall forthwith file of record at least a brief opinion of the reasons for the order . . . .'"  (Doc. No. 34 at 2 n.2) (quoting Pa. R. App. P. 1925(a)).

[Petitioner] then filed the present habeas petition on December 14, 2014.  In his petition, [Petitioner] seeks habeas relief on the following grounds: (1) his statements to police were inadmissible because he was interrogated in police custody without Miranda[5] warnings; (2) the evidence was insufficient to support his conviction; (3) the police destroyed exculpatory information by unplugging his computer; and (4) trial counsel was ineffective in failing to invoke Pennsylvania's corpus delicti rule and in failing to seek suppression of the computer evidence.  On February 6, 2015, the Honorable Legrome D. Davis referred this matter to [United States Magistrate Judge Marilyn Heffley] for a Report and Recommendation.[6]  [(See Doc. No. 3.)]  In addition to challenging [Petitioner's] arguments on the merits, the Respondents contended that this Court lacked jurisdiction to hear [Petitioner's] petition.  [(See Doc. No. 6.)]  On April 21, 2016, the [Magistrate Judge] issued a Report and Recommendation in which it was recommended that [Petitioner's] habeas petition be dismissed for lack of jurisdiction because [Petitioner's] sex offender registration requirements did not constitute "custody" sufficient to establish jurisdiction pursuant to 28 U.S.C. § 2254(a).  [(See Doc. No. 15 at 3-12.)]  In overruling the objections that [Petitioner] filed to the Report and Recommendation, Judge Davis held that [Petitioner's] reporting requirements could not support habeas jurisdiction because they did not constitute custody. . . . (Doc. No. 21).

The Third Circuit Court of Appeals subsequently granted a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) & (3) regarding the district court's dismissal of the habeas petition on jurisdictional grounds.  [(Doc. No. 23.)]  On appeal, the Third Circuit held that the registration requirements imposed upon [Petitioner] under SORNA were sufficiently restrictive to constitute custody and that they were imposed pursuant to the state court judgment of sentence.  Piasecki v. Court of Common Pleas, Bucks County, PA, 917 F.3d 161, 163 (3d Cir. 2019).  Accordingly, the Third Circuit held that the restraints imposed on [Petitioner] by SORNA's registration requirements can support habeas corpus jurisdiction.  Id. at 177.  Therefore, it reversed the district court order dismissing the habeas petition for lack of jurisdiction and remanded for further proceedings.

(Doc. No. 34 at 1-4) (footnotes and certain citations omitted).

In accordance with the Third Circuit's ruling, Magistrate Judge Marilyn Heffley issued a

second Report and Recommendation ("R&R") on July 27, 2020, recommending that the Petition

---

[5]  The Magistrate Judge noted that Miranda warnings refer to the United State Supreme Court decision in Miranda v. Arizona, 384 U.S. 436 (1966).  (See Doc. No. 34 at 3 n.3.)

[6]  On October 20, 2017, this case was reassigned from the Honorable Legrome D. Davis to this Court.  (See Doc. No. 24.)

be denied and dismissed because Petitioner's claims were meritless.  (See Doc. No. 34 at 24-25.)

On August 10, 2020, Petitioner filed Objections to the R&R ("Objections") (Doc. No. 35), which

is now before the Court for review.

### III.    STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is

permitted to designate a magistrate judge to make proposed findings and recommendations on

petitions for post-conviction relief.  Any party may file objections in response to the magistrate

judge's Report and Recommendation.  § 636(b)(1)(C).  Whether or not an objection is made, a

district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge."  Id.  "The [district] judge may also receive further evidence or

recommit the matter to the magistrate judge with further instructions."  Id.  "[I]t must be assumed

that the normal practice of the district judge is to give some reasoned consideration to the

magistrate's report before adopting it as the decision of the court."  Henderson v. Carlson, 812 F.2d

874, 878 (3d Cir. 1987); see also § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's

objections to a magistrate judge's report and recommendation.  Under the rule, a petitioner must

"specifically identify the portions of the proposed findings, recommendations or report to which

objection is made and the basis for such objections."  Savior v. Superintendent of Huntingdon SCI,

No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012).  Upon review, "[a district judge]

shall make a de novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made."  § 636(b)(1)(C).

De novo review is non-deferential and generally permits the district court to conduct an

"independent review" of the entire matter.  Salve Regina College v. Russell, 499 U.S. 225, 238

(1991).  "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon

the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

## IV.   ANALYSIS

As noted, Petitioner raised four claims for relief in his Petition:

1. His statements to police were inadmissible because he was interrogated in police custody without Miranda warnings [("Claim One")];

2. The evidence was insufficient to support his conviction [("Claim Two")];

3. The police destroyed exculpatory information by unplugging his computer [("Claim Three")]; and

4. Trial counsel was ineffective in failing to invoke Pennsylvania's corpus delicti rule and in failing to seek suppression of the computer evidence [("Claim Four")].

(Doc. No. 34 at 3). Magistrate Judge Heffley recommended the Petition be denied, finding that each claim lacked merit. (See id. at 8, 13, 18, 21.)

In his Objections, Petitioner objects to the R&R's resolution of Claims Two and Four. (See Doc. No. 35 at 3, 8.) His objections merely reassert the same arguments in his Petition. (See Doc. Nos. 1 at 3-4; 35 at 3-10.) Courts in the Third Circuit consistently hold that objections which "merely rehash an argument presented to and considered by a magistrate judge are not entitled to de novo review." Morgan v. Astrue, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (citing Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)) (collecting cases). Because Petitioner's Objections restate the same arguments made in his Petition that Magistrate Judge Heffley already considered, they are not entitled to de novo review. Despite the defects in Petitioner's Objections, in the interest of judicial economy, the Court will address each Objection on the merits seriatim.

**A.**     **Petitioner's Objection to Claim Two Lacks Merit Because the Evidence Was Sufficient to Find Petitioner Guilty of Knowingly Possessing Child Pornography**

Petitioner's Objection to the Magistrate Judge's resolution of Claim Two is without merit because the evidence presented at his trial in state court, when viewed in the light most favorable to the Commonwealth, was sufficient to find Petitioner guilty of knowingly possessing child pornography.  (See Doc. No. 34 at 18.)  In Petitioner's Objection, he argues "the evidence of the knowledge element presented at trial was grossly insufficient to prove any of the . . . counts with which [Petitioner] was charge[d]."  (Doc. No. 35 at 4.)

In the R&R, the Magistrate Judge disagreed with Petitioner's contention, finding that "the trial court and the Pennsylvania Superior Court applied Pennsylvania's well-known test for evaluating a challenge to the sufficiency of the evidence."  (Doc. No. 34 at 17.)  Further, the Magistrate Judge noted that the record "clearly reflects" evidence sufficient to support Petitioner's conviction.  (Id. at 18.)  In so concluding, the Magistrate Judge quoted from the trial court's opinion as follows:

> Here, the record reflects that the verdict is supported by more than sufficient evidence.  [Petitioner's] statements show an understanding of how the pornography would be accessed and his knowledge that he possessed it.  During the interview with police, [Petitioner] stated that he knew how to download files from LimeWire FrostWire, and Kazaa.  [Petitioner] explained that you use keyword searches and then highlight the file that you wish to download.  [Petitioner] initially told police that he had never seen or searched for child pornography.  However, [Petitioner] admitted that he may have accidentally downloaded child pornography on a prior occasion, but would have deleted it immediately.  Thereafter, [Petitioner] acknowledged that he had seen child pornography approximately twenty to thirty times.  [Petitioner] then asked the police, if he deleted any files he had on his computer would they "make this go away?"

> Further, [Petitioner's] argument that the files were part of a mass download of adult pornographic material is also unsupported as evidenced by the explicit and graphic nature of the titles of each file that [Petitioner] highlighted before it was downloaded.  [Petitioner's] argument is also unsupported as Agent Coleman opined and testified about the fact that ten of the eighteen preview files were subsequently

downloaded to completion and that the file creation dates varied by months, days, minutes, and seconds.

The Commonwealth presented more than sufficient testimony and evidence to support the verdict.

(Id. at 15) (citing Doc. No. 6-1 at 52-53).  The R&R also recounts the Pennsylvania Superior

Court's affirmation that sufficient evidence supports Petitioner's conviction:

The context of [Petitioner's] sufficiency contention is that thousands of video files, perhaps over four thousand, were found on his computer.  Ninety-three contained child pornography and the rest, apparently, consisted of adult videos.  The evidence showed that many videos could have come to be in [Petitioner's] computer during mass downloads of pornography.  [Petitioner's] point is that the child pornography could have been accidentally swept into his computer as he was downloading adult videos.   As such, he maintains, the evidence did not demonstrate knowing possession of the material involving children.

The Commonwealth presented evidence showing that there were preview files associated with the child pornography.  The significance of there being preview files is that such files tend to demonstrate that someone viewed the videos, or at least viewed some part of them, while they were being downloaded.  However, [Petitioner] argues the evidence also showed that multiple preview files can be created simultaneously, with one video (perhaps one adult one) being viewed on the screen while others (perhaps child videos) do not appear.  On this point, the Commonwealth offered evidence tending to show that the preview files associated with the child pornography were likely created not at the same times as several adult preview files but, instead, hours or minutes apart from those adult preview files.  Evidence of the disparate time was intended to refute the notion that the child preview files were created unknowingly by [Petitioner] while he was previewing those adult videos.

[Petitioner] then argues the Commonwealth may have proven that the preview files for the child pornography were created at times significantly different from some of the adult files, but the Commonwealth did not offer such proof with respect to all of the several thousand adult videos.  It appears [Petitioner] is correct that the police did not compare the creation ties of all the preview files.

When [Petitioner] was interviewed by the police, he initially told them he never saw or downloaded child pornography.  He then claimed he may have downloaded it accidentally but had deleted it as soon as he saw what it was.  At one point, he told police he had seen child pornography once.  Thereafter, he said that he may have done so a couple of times.  Eventually, he indicated he had seen child pornography twenty or thirty times.  While first claiming he immediately deleted

any child pornography videos that he saw, he later told police that he would "click" to the end of such videos.

An officer showed [Petitioner] a picture of a prepubescent girl who evidently appeared in one of the videos.  [Petitioner] indicated he might have seen her image on the computer screen at some point.  Also, during the interview, [Petitioner] asked if he would be arrested and, further, inquired as to whether "we can just make this go away" if any child videos were found on his computer and were then deleted.

In view of [Petitioner's] statements, including the conflicts therein, the fact that the child pornography was found on his computer, and the existence of the preview files, we cannot say that the evidence was so weak and inconclusive that no probability of guilt could arise therefrom.  In reaching this conclusion, we stress that we are viewing the evidence in the light that is most favorable to the Commonwealth, as we must do on sufficiency reviews.  [Petitioner's] sufficiency claim therefore fails.

(Doc. No. 34 at 16-17) (quoting Doc. No. 6-2 at 46-48).

When evaluating the sufficiency of evidence supporting a conviction, courts must apply

the standard of review the United States Supreme Court set forth in Jackson v. Virginia:

[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

443 U.S. 307, 318-19 (1979) (citations omitted).  The Third Circuit Court of Appeals has found

that the Jackson standard is identical to Pennsylvania's test for sufficiency of the evidence

challenges.  See Evans v. Court of Common Pleas, Delaware Cnty., 959 F.2d 1227, 1232-33 (3d

Cir. 1992).  Additionally, as explained in the R&R:

[C]ircumstantial evidence may be sufficient to prove the crimes beyond a reasonable doubt.  [Jackson, 443 U.S.] at 324-25.  The [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] imposes an additional layer of defense onto the preexisting sufficiency inquiry.  Under the statute, habeas relief may be granted for insufficiency of the evidence only if the state courts unreasonably applied the "no rational trier of fact standard" under Jackson or the state equivalent thereof.  Id. at 319; see 28 U.S.C. § 2254(d).

> To sustain a conviction for sexual abuse of children—possession of child pornography under the statute that existed at the time of [Petitioner's] offenses, the Commonwealth was required to prove the following elements: that "[a]ny person who knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act is guilty of a felony of the third degree." 18 Pa. Cons. Stat. § 6312(d)(1). A "prohibited sexual act" was defined as "sexual intercourse as defined in section 3101 (relating to definitions), masturbation, sadism, masochism, bestiality, fellatio, cunnilingus, lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction." Id. § 6312(a); see also Commonwealth v. Koehler, 914 A.2d 427, 436 (Pa. Super. Ct. 2006) ("the Commonwealth must prove the following three (3) elements beyond a reasonable doubt in order to convict an individual of this offense: there must be a depiction of an actual child engaged in a prohibited sexual act or a simulated sexual act; the child depicted must be under the age of eighteen (18); and the defendant must have knowingly possessed or controlled the depiction."). To act "knowingly" in Pennsylvania means "if the element involves the nature of his [or her] conduct or the attendant circumstances, [the defendant] is aware that his [or her] conduct is of that nature or that such circumstances exist." 18 Pa. Cons. Stat. Ann. § 302(b)(2)(i).

(Doc. No. 34 at 14-15) (fifth, sixth, seventh, and eighth alterations in original).

Here, when viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for any rational trier of fact to have found Petitioner guilty of possession of child pornography beyond a reasonable doubt. The trial court and Pennsylvania Superior Court records set forth ample evidence of Petitioner's possession of child pornography, including the conflicts within Petitioner's statements, the fact that child pornography was found on his computer, and the existence of the preview files. (See Doc. No. 6-2 at 48.) Additionally, in finding that Petitioner's sufficiency argument failed, "both the trial court and the Pennsylvania Superior Court applied Pennsylvania's well-known test for evaluating a challenge to the sufficiency of the evidence," which is identical to the federal Jackson standard. (Doc. No. 34 at 17); see also Evans, 959 F.2d at 1232-33. For these reasons, Petitioner's objection to Claim Two lacks merit and will be overruled

**B.**     **Petitioner's Objection to Claim Four Lacks Merit Because Trial Counsel Was Not Ineffective by Failing to Assert the Corpus Delicti Rule**

Petitioner's Objection to the Magistrate Judge's resolution of Claim Four lacks merit because trial counsel was not ineffective by failing to assert the corpus delicti rule.  (See Doc. No. 34 at 20.)  In Petitioner's Objections, he contends that trial counsel's failure to raise the corpus delicti rule to prohibit admission of his confession prejudiced Petitioner because "under a proper application of the rule he should have been acquitted."  (Doc. No. 35 at 10.)  In the R&R, the Magistrate Judge found that Claim Four lacked merit because Petitioner's "record reflects that a sufficient corpus delicti was established and counsel cannot be deemed ineffective for failing to raise or pursue a meritless claim."  (Doc. No. 34 at 20.)

In the R&R, Magistrate Judge Heffley explained Pennsylvania's corpus delicti rule and its application to Petitioner's prosecution:

> The corpus delicti rule is a Pennsylvania rule of evidence that places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him or her to the crime can be admitted. Commonwealth v. Rivera, 828 A.2d 1094, 1103 (Pa. Super. Ct. 2003) (citing Commonwealth v. Verticelli, 706 A.2d 820, 822-23 (Pa. 1998)).  It does not require the Commonwealth to prove the existence of a crime beyond a reasonable doubt prior to the admission of the confession. Commonwealth v. Persichini, 663 A.2d 699, 701-02 (Pa. Super. Ct. 1995).  Rather, it is satisfied where independent evidence, beyond the statement of the defendant, suggests that a crime has occurred. Id. at 702.  The Commonwealth need not establish preliminarily and independently all elements of the charge.  Id. at 703.  In order for the statement to be admitted, the Commonwealth need only establish the corpus delicti by a preponderance of the evidence.  Commonwealth v. Hernandez, 39 A.3d 406, 411 (Pa. Super. Ct. 2012). Moreover, for a statement of a defendant to be admitted, the evidence introduced need only be more consistent with a crime than with an accident.  Commonwealth v. McMullen, 745 A.2d 683, 688 (Pa. Super. Ct. 2000).  The corpus delicti rule can also be established through circumstantial evidence.  Commonwealth v. Bullock, 868 A.2d 516, 527 (Pa. Super. Ct. 2005).  The criminal responsibility of the individual is not a component of the corpus delicti rule and may, in fact, be proven by the confession itself.  Id.  Whether a defendant's statement is admitted before or after the establishment of the corpus delicti is within the discretion of the trial judge. Commonwealth v. Smallwood, 442 A.2d 222, 225 (Pa. 1982).

. . . [T]he offense of sexual abuse of children—possession of child pornography, prohibits any person from knowingly possessing or controlling any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act.  18 Pa. Cons. Stat. Ann. § 6312(d)(1). Intentionally downloading child pornography over the internet constitutes possession or control over such pornography.  See, e.g., Koehler, 914 A.2d at 436-37.  Here, evidence was introduced at trial that the computer that was seized by police and analyzed by the Attorney General's Office contained 93 separate "apparent" or confirmed child pornography videos located throughout both hard drives on the computer, downloaded from February 26, 2007 through March 30, 2009.  [(Doc. No. 6-1 at 40.)]  In these videos, children between the ages of one month old to 10 months old were shown being sexually abused through vaginal, oral or anal penetration.  Id. at [39]; see also Transcript of Record at 48-50, 53, 57, 59, Commonwealth v. Piasecki, No. CP-09-CR-0005364-2009 (Pa. Ct. Com. Pl. Bucks Cnty. Jan. 12, 2010) [hereinafter "Jan. 12 Tr."]; Transcript of Record at 31, Commonwealth v. Piasecki, No. CP-09-CR-0005364-2009 (Pa. Ct. Com. Pl. Bucks Cnty. Jan. 14, 2010) [hereinafter "Jan. 14 Tr."].  Of these files, there were 18 preview files of child pornography identified, 10 of which were downloaded completely, indicating that the files were viewed by the user.  [(Doc. No. 6-1 at 39)]; Jan. 12 Tr. at 54-55, 70.  Moreover, the dates and times of the preview files for the child pornography, which varied by days, hours, and seconds, reflect that these preview files were not part of a mass download of files with any of the adult pornography also found on the same computer.  [(Doc. No. 6-1 at 39-40)]; Jan. 14 Tr. at 36-42, 46.

The fact that the computer contained a voluminous number of child pornography; that the child pornography was downloaded at various times over a considerable period of time; and that a number of the videos were previewed on separate dates and times while being downloaded all establish that someone accessed and viewed child pornography, thus clearly establishing the corpus delicti of the crime in question.  In addition, evidence at trial separate from [Petitioner's] statements, established that the computer containing child pornography was possessed by [Petitioner]—it was registered to his mother, but was kept in his bedroom.  See, e.g., Jan. 12 Tr. at 30-31.  Also, at trial, counsel stipulated and conceded that the "apparent" child pornography found on the computer was, in fact, child pornography for purposes of that element of the statute.  Id. at 57.

(Id. at 18-19) (fourth and fifth alterations in original).

Here, Petitioner's Objection to the Magistrate Judge's resolution of Claim Four in the R&R

is meritless because trial counsel was not ineffective for failing to raise the corpus delicti rule.

Without considering Petitioner's statements, the record sufficiently establishes the corpus delicti

of possession of child pornography by Petitioner.  The record contains a plethora of evidence sufficient to show the accessing and viewing of child pornography, including the following: the ninety-three child pornography videos[7] on the hard drives of Petitioner's computer; the differing video download times; and the differing video preview dates and times.  (See id. at 20.) Additionally, trial evidence confirmed "that the computer containing child pornography was possessed by [Petitioner]—it was registered to his mother, but was kept in his bedroom." (Id.) The trial record shows that a sufficient evidence of a corpus delicti was presented; therefore, trial counsel was not ineffective for failing to assert the rule.  A lawyer cannot be ineffective for failing to make a meritless claim.  See Strickland v. Washington, 466 U.S. 668, 691 (1984).  For all these reasons, Petitioner's Objection to the R&R's resolution of Claim Four will be overruled.

## V.    CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Heffley's Report and Recommendation (Doc. No. 34) and will deny Petitioner Piasecki's § 2254 Petition for a Writ of Habeas Corpus (Doc. No. 1).  No certificate of appealability shall issue.  An appropriate Order follows.

---

[7]    As the Magistrate Judge noted, trial counsel stipulated that the videos found on the computer's hard drives were child pornography.  (See Doc. No. 34 at 20.)